**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John WILSON, Sr., Defendant-Appellant.**

No. 80–7645
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

June 8, 1981.

Groover & Childs, Denmark Groover, Jr., Floyd M. Buford, Macon, Ga., for defendant-appellant.

Miriam D. Wansley, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before HILL, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant was indicted on five counts of income tax evasion in violation of 26 U.S. C.A. § 7201. Each count represented one taxable year from 1973 to 1977. The jury convicted appellant on Count I, which involved the 1973 tax year, and acquitted him on Counts II through V. On appeal, appellant argues that the verdict on Count I is not supported by the evidence and that the trial court erred in denying his Motion for a Bill of Particulars. We affirm.

With respect to appellant's challenge to the sufficiency of the evidence, he argues that the government's proof was ultimately dependent upon the accuracy of his starting net worth at the beginning of the 1973 tax year. Appellant claimed at trial that his cash on hand at the beginning of 1973 was $75,000. The government witnesses testified that appellant admitted to them that he had $25,000 in cash at the beginning of 1973. In a credibility choice, the jury obviously chose to believe the government's evidence concerning the amount of appellant's cash on hand at the

beginning of 1973.[1] This evidence plus the government's proof of net worth and expenditures for 1973 supported the jury's verdict on Count I.

Appellant also argues, in support of his challenge to the sufficiency of the evidence, that the verdicts were inconsistent. He asserts: "the only way that the jury could have found against the contention of the government with respect to the last four counts was to accept the defendant's version about the amount of cash which was available to explain his increase in net worth." Appellant's brief at 12. We do not agree that the jury must have rejected the government's proof that appellant had $25,000 in cash at the beginning of 1973. The jury could have found that appellant began the year 1973 with $25,000, and that he received unreported taxable income in 1973 as alleged by the government. Such findings are not at all inconsistent with a finding that the government failed in its proof with respect to the 1974 through 1977 tax years. It is also possible that the jury could have decided for reasons other than a failure in the government's proof to acquit on Counts II through V. *See United States v. Espinosa-Cerpa*, 630 F.2d 328, 332 (5th Cir. 1980). Therefore, we conclude that the verdicts are not inconsistent. Even if they were, appellant's conviction on Count I, if supported by the evidence, may stand, notwithstanding an inconsistency between the verdicts. *United States v. Romeros*, 600 F.2d 1104 (5th Cir.

1979), *cert. denied*, 444 U.S. 1077, 100 S.Ct. 1025, 62 L.Ed.2d 759 (1980).

Appellant next argues that the district court erred by denying his Motion for a Bill of Particulars which he asserts was intended to allow him to ascertain whether the government was going to proceed on the net worth method, the net worth and expenditures method, or the specific items method of proving income tax evasion. Appellant also sought other data such as a list of assets and liabilities which comprised his net worth at the beginning and ending of the years involved. In *Roberson v. United States*, 249 F.2d 737, 739 (5th Cir. 1957), *cert. denied*, 356 U.S. 919, 78 S.Ct. 704, 2 L.Ed.2d 715 (1958), we held "[t]he granting or denial of a bill of particulars rests in the sound discretion of the trial court, and in the absence of abuse of discretion or prejudice, its ruling will not be disturbed." (citations omitted). More recently we said, "[t]he denial of a bill of particulars rests within the sound discretion of the district court and can be reversed by this Court only upon demonstration that defendant was actually surprised at trial and thus incurred prejudice to his substantial rights by the denial." (citation omitted). *United States v. Diecidue*, 603 F.2d 535, 563 (5th Cir. 1979), *cert. denied*, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 781 (1980). The government introduced into evidence only one asset which was not reflected in the documents exchanged before trial, *i. e.*, the

1. We note the requirement that in cases in which circumstantial proof of tax evasion is used, such as the instant case, the government must establish with reasonable certainty the net worth of the taxpayer, including the amount of cash he had in his possession, at the beginning of the tax period. *United States v. Normile*, 587 F.2d 784 (5th Cir. 1979). When the government uses the taxpayer's admissions as to his opening net worth, the government must corroborate that admission. 587 F.2d at 786, citing *Smith v. United States*, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954). However, because a cash hoard is inherently secret, it is not susceptible to independent verification and the government need not corroborate the taxpayer's statement with respect to his cash on hand at the beginning of the tax period. "The government ... [is] not obliged to prove a

proposition inherently impossible to establish." 587 F.2d at 586–7.

Here appellant attempts to explain the increase in his cash apparently available during 1973 by alleging at trial the existence at the beginning of 1973 of a cash hoard of $75,000. The evidence shows that the government did everything reasonably possible to verify appellant's opening net worth, including his cash on hand, at the beginning of 1973. On two separate occasions prior to trial, the taxpayer admitted to government agents that he had only $25,000 in cash on hand at the beginning of 1973. Under these circumstances, the issue of the amount of appellant's cash hoard was properly submitted to the jury. *Hayes v. United States*, 407 F.2d 189 (5th Cir.), *cert. dismissed*, 395 U.S. 972, 89 S.Ct. 2133, 23 L.Ed.2d 777 (1969).

amount of cash the government claimed was on hand as of the beginning of 1973. There is no evidence in the record that appellant was surprised that the amount of such cash hoard was a crucial issue. Appellant has made no showing of surprise or prejudice at trial due to the lack of information he sought. Accordingly, he has not demonstrated that the district court abused its discretion in denying his motion.

The conviction of the appellant

AFFIRMED.