**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jack Lee COLSON, Delton C. Copeland,
Defendants-Appellants.**

No. 80–7744
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 7, 1981.

Garland, Nuckolls, Kadish, Martin & Catts, Austin E. Catts, Atlanta, Ga., for defendants-appellants.

Thomas M. Flournoy, Jr., Columbus, Ga., for Copeland.

Samuel A. Wilson, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before HILL, VANCE and HATCHETT, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Appellants Delton E. Copeland and Jack L. Colson, former members of the Columbus, Georgia Police Department Vice Squad, were indicted on two counts of conspiracy to distribute various controlled substances in violation of 21 U.S.C. §§ 841 and 846. Count I charged a conspiracy to distribute substances for which a maximum five year penalty applied, while Count II related to substances carrying a fifteen year maximum. Appellant Copeland was found guilty on both counts and sentenced to eight years. The jury acquitted Appellant Colson on Count I but convicted him on Count II. Colson received a four year sentence.

We affirm the appellants' convictions.

### Appellant Copeland

 Appellant Copeland appeals the trial court's denial of his motion for a bill of particulars seeking, *inter alia*, the identities and addresses of unindicted co-conspirators, dates and locations of alleged acts in furtherance of the conspiracy, and detailed information relating to quantities of controlled substances and their chain of custody, if in existence. The purpose of a bill of particulars is to inform the defendant of the charge in sufficient detail to enable adequate defense preparation and to minimize surprise at trial. *United States v. Diecidue*, 603 F.2d 535, 563 (5th Cir. 1979), *cert. denied sub nom. Antone v. United States* and *Gispert v. United States*, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 781 (1980), and *Miller v. United States*, 446 U.S. 912, 100 S.Ct. 1842, 64 L.Ed.2d 266 (1980); *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977); *United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977). Grant or denial of such a motion lies within the sound discretion of the trial court and may be challenged only for abuse of that discre-

tion. Proof of abuse requires a showing of actual surprise at trial and prejudice to the defendant's substantial rights by the denial. *United States v. Wilson*, 647 F.2d 534, 536 (5th Cir. 1981); *United States v. Diecidue*, 603 F.2d at 563.

 Appellant Copeland has failed to demonstrate surprise or prejudice of any kind. He argues that the government's failure to provide the identity of unindicted co-conspirators and the dates and locations of conduct in furtherance of the alleged conspiracy impaired his ability to assert alibi defenses and to conduct out of court investigations of the unindicted co-conspirators. In prior conspiracy cases, however, this court has refused to find prejudice where the government had proved overt acts not stated in the indictment or in a bill of particulars. See *United States v. Diecidue*, 603 F.2d at 563 (citing *United States v. Johnson*, 575 F.2d 1347 (5th Cir.), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979)). Furthermore, the record in this case refutes Copeland's claim of surprise or prejudice. Copeland not only had knowledge of the identity of the unindicted co-conspirators whom the government would call as witnesses but at trial impeached several of the government witnesses. In essence, appellant complains not of any harm but of denial of a form of discovery. As the trial judge correctly noted, however, generalized discovery is not a proper purpose in seeking a bill of particulars. *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978). We therefore find no abuse of discretion and no reversible error in denial of the motion for a bill of particulars.

 Copeland also asserts that the trial judge erred in denying his motion for a list of government witnesses. We must reject his contention. As with a motion for a bill of particulars, requiring production of a list of the government's witnesses is a matter of judicial discretion, and proof of abuse of discretion is necessary for reversal. *United States v. Moseley*, 450 F.2d 506, 510 (5th

Cir. 1971), *cert. denied*, 405 U.S. 975, 92 S.Ct. 1200, 31 L.Ed.2d 250 (1972). Because the government's major witnesses were persons with whom Copeland had had significant personal or financial relations, disclosure of the list would not have materially aided his defense. *United States v. Hancock*, 441 F.2d 1285, 1286 (5th Cir.), *cert. denied*, 404 U.S. 833, 92 S.Ct. 81, 30 L.Ed.2d 63 (1971).

■ The third issue Copeland raises on appeal involves the trial judge's denial of his motion to dismiss the indictment. Copeland complains that the indictment was multiplicitous and that the government's framing of the indictment in two counts, notwithstanding the government's concession that there was only one conspiracy, put him twice in jeopardy for the same offense. In support of his position, Copeland cites *Braverman v. United States*, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942). That authority, however, is fatal to his argument, for in *Braverman* the Supreme Court held that where an indictment sets forth the illegal objects of a single conspiracy in several counts, only one sentence for a single conspiracy may be imposed. In the district court Copeland received only one eight-year sentence, which is clearly within the statutory maximum set by 21 U.S.C. §§ 841 and 846. Furthermore, although there was only one conspiracy, charging the conspiracy in two counts is appropriate where different statutory penalties are involved, provided the defendant receives only one sentence. Prudence advises separation of counts involving different statutory penalties in order to avoid imposition of a sentence in excess of the maximum term for the statutory violation that supported the general verdict of guilty. This court has approved charging one conspiracy in two counts in a similar situation, there separating the illegal objects of the conspiracy into misdemeanors and felonies. *Williams v. United States*, 238 F.2d 215, 218 n.2 (5th Cir. 1956), *cert. denied*, 352 U.S. 1024, 77 S.Ct. 589, 1 L.Ed.2d 596 (1957). Finally, even if the indictment were multiplicitous, this is not a ground for reversal of a conviction when a defendant receives only one sentence "since an indictment may charge a single crime in a variety of forms to avoid a fatal variance of the evidence." *United States v. Lentz*, 624 F.2d 1280, 1289 (5th Cir. 1980), *cert. denied*, 450 U.S. 995, 101 S.Ct. 1696, 68 L.Ed.2d 194 (1981), *United States v. Dudley*, 581 F.2d 1193, 1199 (5th Cir. 1978) (citing *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 225, 73 S.Ct. 227, 231, (1952)).

■ Finally Copeland claims reversible error in the trial judge's refusal to admit the transcript of a taped conversation between Sam Parsons and several Columbus police officers in which Parsons purportedly admitted procuring the false testimony of several government witnesses against Copeland. A trial judge possesses broad discretion in ruling on the admissibility of evidence on grounds of relevancy and materiality. *United States v. Ylda*, 643 F.2d 348, 353 (5th Cir. 1981); *United States v. Castell*, 584 F.2d 87, 89 (5th Cir. 1978), *cert. denied*, 440 U.S. 925, 99 S.Ct. 1256, 59 L.Ed.2d 480 (1979); *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978) (per curiam). A review of the transcript reveals that the trial judge correctly concluded that the transcript contains much irrelevant material, such as accusations of criminal conduct of persons wholly unconnected with the case. Furthermore, having offered the transcript under the residual hearsay exception, Rule 804(b)(5) of the Federal Rules of Evidence, Copeland bore the burden of establishing, *inter alia*, the trustworthiness and probative value of the transcript, a burden he failed to maintain. *See generally United States v. Mathis*, 559 F.2d 294 (5th Cir. 1977). The transcribed statement, given voluntarily by a twice convicted felon, is replete with opinions and conclusions which are not based on personal knowledge of the facts and with self-laudatory comments. Its exclusion was not an abuse of discretion.

*Appellant Colson*

██ Appellant Colson's objections need not detain us long. First he contends that there was insufficient evidence to convict him on Count II. Reviewing the record, however, we find sufficient evidence of Colson's involvement in a conspiracy to possess and distribute heroin.[1]

██ Finally, Colson urges that his acquittal on Count I necessitated acquittal on Count II because a single conspiracy was involved. The thrust of his argument is that inconsistent verdicts are impermissible. In *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932), however, the Supreme Court announced that "consistency in the verdict is not necessary," reasoning that a jury verdict may be the product of compromise, leniency, or mistake. This court adopted that reasoning in *United States v. Kohlmann*, 491 F.2d 1250, 1253 (5th Cir. 1974). *See United States v. Cantu*, 469 F.2d 679, 680 (5th Cir. 1972) (per curiam), *cert. denied*, 411 U.S. 908, 93 S.Ct. 1536, 36 L.Ed.2d 197.(1973). It is therefore not proper for this court to speculate regarding the reasons for the verdict.

For the reasons stated above, the convictions of both appellants are

AFFIRMED.

---

1. For example, Colson checked out 301 decks of heroin from the crime lab on July 5, 1978 supposedly for use in the department's drug display kit. Record, Volume 4, at 76–83. He did not inform his fellow officers of the removal, nor did any of the officers ever see 301 decks of heroin displayed in the kit. Record, Volume 5, at 63–66, 119–121, 135–137, 146–147, 171–175. Moreover, one of the unindicted co-conspirators testified to meeting with the defendants at a motel in order to remove from the decks of heroin the initials of the officer who had originally seized the drugs and to prepare it for distribution. Record, Volume 6, at 127–140.