**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Fred ANDERSON, et al., Defendants,**

**The Tribune Company,**
**Petitioner-Appellant.**

**No. 86–3034.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 4, 1986.

Rehearing and Rehearing En Banc Denied
Oct. 27, 1986.

Gregg D. Thomas, Holland & Knight, Tampa, Fla., for petitioner-appellant.

Robert W. Merkle, U.S. Atty., Tampa, Fla., Karen Skrivseth, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before TJOFLAT and KRAVITCH, Circuit Judges, and DUMBAULD *, Senior District Judge.

TJOFLAT, Circuit Judge:

## I.

On May 23, 1985, a federal grand jury in the Middle District of Florida returned a forty-five count, 166–page indictment against thirty defendants. The indictment charged that the Board of County Commissioners of Hillsborough County, Florida was an "enterprise" within the meaning of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 (1982), and that the defendants, who included three county commissioners and various construction contractors, real estate developers, suppliers, and lawyers, conspired to conduct and did conduct the affairs of the board through a pattern of bribery. In essence, the indictment alleged that a significant portion of local government in Hillsborough County had been corrupted.

Although the indictment named several participants in the acts of bribery who were not indicted, it also made references to participants who were neither indicted nor named. Most of the defendants filed motions for a bill of particulars that would identify those unnamed and unindicted participants, and some of the defendants also filed motions for pretrial notice of the Government's intention to use "similar act" evidence under Fed.R.Evid. 404(b). Those motions were granted by a magistrate.

In compliance with the magistrate's order, the Government filed a bill of particulars and a notice of possible similar acts evidence, but at the same time made *in camera ex parte* motions to seal the two documents. The motions to seal were granted by the district court, which, relying primarily on *United States v. Briggs*, 514 F.2d 794 (5th Cir.1975),[1] found that the publication of the names and possible similar acts evidence might stigmatize the "unindicted co-conspirators" as criminals without the opportunity for vindication.

The bill of particulars and the notice of similar acts evidence filed by the Government never appeared on the court's docket. The motions to seal and the district court's orders sealing those documents also did not appear on the court's docket. And no hearings were held to consider the motions to seal. In short, nothing in the public record indicated that any action had been taken relating to the magistrate's order compelling a bill of particulars and notice of similar acts evidence.

Only through the keen observation of a reporter for *The Tampa Tribune* did the paper's publisher, The Tribune Company (Tribune), suspect that certain documents marked "in camera" delivered to the office of the clerk by the United States Attorney were the bill of particulars and notice of

---

* Honorable Edward Dumbauld, Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

similar acts and that the court had sealed them. The Tribune then filed a petition for access requesting copies of (1) any motions or memoranda filed seeking production of a bill of particulars *in camera;* (2) notices of hearing regarding the sealing of the bill of particulars; (3) transcripts of any hearing held to determine whether the bill was to be sealed; and (4) any orders issued by the court limiting public access to the bill of particulars or to other documents. The Tribune also requested a hearing on its petition.

The district court, finding a hearing to be unnecessary, granted the Tribune's petition for access and released two *in camera* orders in which the court had directed the sealing of the bill of particulars and the notice of similar acts evidence. The court noted that when it issued the orders it had considered the balancing test required by *Newman v. Graddick,* 696 F.2d 796 (11th Cir.1983), and had determined that the factors in favor of sealing the court documents outweighed the presumption in favor of access to judicial records. The court, however, declined to reveal the Government's motions to seal, stating that "they reveal in part the sealed information and thus releasing the motions would frustrate the Court's Order."

Subsequently, the Tribune filed a second petition for access in which it sought the release of both the bill of particulars and the notice of similar acts evidence; it also renewed its request for the Government's motions to seal those documents and for a hearing. The Tribune argued that the public's constitutional and common law rights to judicial documents outweighed the Government's interest in protecting the due process rights of unindicted participants. The district court denied the petition. Relying on the balancing test of *United States v. Briggs,* 514 F.2d 794 (5th Cir. 1975), the court found that both the harm to persons named in the bill of particulars as "unindicted co-conspirators" and the harm to individuals named in the notice of

similar acts evidence outweighed "the public's interest in learning the information before trial."

The Tribune has appealed the district court's order.

## II.

■ Rule 404(b) of the Federal Rules of Evidence provides that evidence of other crimes, wrongs, or acts may be admissible to prove, among other things, motive, opportunity, and intent. Although it is obviously advantageous for defense counsel to determine before trial whether the prosecutor intends to offer similar acts evidence, the rule does not require the government to give notice of its intent to introduce such evidence. 2 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 404[19] (1985). The absence of a mandatory notice requirement does not, however, preclude the prosecution from voluntarily giving notice of similar acts evidence. *Id.* Nor is the trial judge prevented from requiring disclosure of similar acts evidence in compliance with a pretrial Omnibus Hearing procedure consented to by the parties. *See United States v. Jackson,* 621 F.2d 216, 220 (5th Cir.1980); *see also* 2 A.B.A., Standards for Criminal Justice ch. 11 (2d ed. 1980); Clark, *The Omnibus Hearing in State and Federal Courts,* 59 Cornell L.Rev. 761 (1974). A defense motion for pretrial notice of similar acts evidence is thus merely akin to a request for voluntary discovery.

■ In this case, when the Government filed the notice of possible similar acts evidence along with a motion to seal the document, it, in effect, had voluntarily agreed to provide the information on the condition that the defendants not reveal the notice's contents to the public or to the press. Simply because the Government filed the notice in compliance with a court order does not make the notice information something other than voluntary discovery.[2] The question then becomes whether the Tribune is

**2.** The defendants' motion for notice of similar acts evidence cannot be regarded properly as a Fed.R.Crim.P. 12 motion requesting discovery under Fed.R.Crim.P. 16, because similar acts

evidence does not fall within the categories of information—such as documents and tangible objects—that the government must furnish upon the defendant's request.

entitled to view a discovered document describing possible similar acts evidence.

The Supreme Court has stated that the "First Amendment does not guarantee the press a constitutional right of special access to information not available to the public generally." *Branzburg v. Hayes*, 408 U.S. 665, 684, 92 S.Ct. 2646, 2658, 33 L.Ed.2d 626 (1972) (plurality) (citations omitted); *see also Pell v. Procunier*, 417 U.S. 817, 833–34, 94 S.Ct. 2800, 2810, 41 L.Ed.2d 495 (1974). Thus, the press' right of access to discovered material turns on the public's right of access.

Discovery is neither a public process nor typically a matter of public record. Historically, discovery materials were not available to the public or press. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32–34, 104 S.Ct. 2199, 2207–08, 81 L.Ed.2d 17 (1984) (pretrial interrogatories and depositions "were not open to the public at common law"); *Gannett Co. v. DePasquale*, 443 U.S. 368, 396, 99 S.Ct. 2898, 2914, 61 L.Ed.2d 608 (1979) (Burger, C.J., concurring) ("[I]t has never occurred to anyone, so far as I am aware, that a pretrial deposition or pretrial interrogatories were other than wholly private to the litigants."). Moreover, documents collected during discovery are not "judicial records." Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private. Marcus, *Myth and Reality in Protective Order Litigation*, 69 Cornell L.Rev. 1, 15 (1983).

If it were otherwise and discovery information and discovery orders were readily available to the public and the press, the consequences to the smooth functioning of the discovery process would be severe. Not only would voluntary discovery be chilled, but whatever discovery and court encouragement that would take place would be oral, which is undesirable to the extent that it creates misunderstanding and surprise for the litigants and the trial judge. Litigants should not be discouraged from putting their discovery agreements in writing, and district judges should not be discouraged from facilitating voluntary discovery.

Here, the district court, in denying the Tribune's petition for access to the government's notice of similar acts evidence, merely refused to allow the Tribune access to a document not a matter of public record. *See United States v. Gurney*, 558 F.2d 1202, 1208 (5th Cir.1977), *cert. denied*, 435 U.S. 968, 98 S.Ct. 1606, 56 L.Ed.2d 59 (1978). It follows that the district court did not err when it sealed the notice or when it denied the public and the Tribune a hearing before the document was sealed.[3] We need not address the issue of whether a trial court must articulate reasons for denying access to material that cannot be characterized as a court document and is not a matter of public record, because the judge in this case did articulate reasons for denial.

### III.

The purpose of a true bill of particulars is threefold: "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir.1985) (citations omitted); *see also* 8 J. Moore, *Moore's Federal Practice* ¶ 7.06[1] (2d ed. 1986). A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation. Generalized discovery, however, is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill. *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir.1981).

---

3. "[I]t is unreasonable to require a district judge to hold hearings and to issue special orders with respect to every request he is presented with by the press during the course of a long trial."

*United States v. Gurney*, 558 F.2d 1202, 1211 n. 15 (5th Cir.1977), *cert. denied*, 435 U.S. 968, 98 S.Ct. 1606, 56 L.Ed.2d 59 (1978).

■ To allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule. Rule 16(b)(2) of the Federal Rules of Criminal Procedure states that the rule "does not authorize the discovery or inspection of … statements made … by government … witnesses, or by prospective government … witnesses." A defendant who desires a list of government witnesses—or "unindicted co-conspirators"—could thus bypass the Rule 16(b) restriction on discovery by asking for and receiving a "bill of particulars" pursuant to Fed. R.Crim.P. 7(f), which simply provides that "[t]he court may direct the filing of a bill of particulars." Because a defendant has no right to obtain a list of witnesses by simply calling his request a "bill of particulars," see *United States v. Pena*, 542 F.2d 292, 294 (5th Cir.1976), we decline to apply a mechanical rule whereby a bill of particulars is automatically accorded the status of a supplement to an indictment.[4]

■ Thus, for the reasons presented in our discussion of the notice of similar acts evidence, a bill of particulars that merely facilitates voluntary discovery is not a court document the public and press are entitled to view.[5] A request for a list of "unindicted co-conspirators," so called, is a discovery request that is not a matter of public record and cannot be made a matter of public record by simply attaching to it the label "bill of particulars." The public and press are also not entitled to demand a hearing on whether a "discovery bill" should be sealed. Finally, it should be noted that the district court's refusal to allow the Tribune to inspect the sealed notice of similar acts evidence and the sealed bill of particulars in no way restricted the Tribune from independently obtaining the information contained in the document by employing its own investigative techniques.

The district court's order sealing the notice of similar acts evidence and the bill of particulars is, accordingly,

AFFIRMED.

---

4. We are aware that the Third Circuit, when interpreting Rule 7(f) of the Federal Rules of Criminal Procedure, recently found that bills of particulars "were regarded by the drafters of the rules as supplements to the indictment rather than as pretrial discovery." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir.1985) (footnote omitted). We are not persuaded, however, that Rule 7(f) compels that conclusion.

5. Simply because a bill of particulars may be "a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses," *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir.), *cert. denied*, 444 U.S. 990, 100 S.Ct. 521, 62 L.Ed.2d 419 (1979), such a "discovery bill" is not entitled to the status of a public document, as is, for example, an indictment.