UNITED STATES of America, Plaintiff,

v.

Charles Champ WILLIAMS, et al., Defendants.

No. 86–95–Cr–Orl.

United States District Court, M.D. Florida, Orlando Division.

Dec. 19, 1986.

See also, D.C., 649 F.Supp. 1290.

178

James F. Neal, William T. Ramsey and James G. Thomas of Neal & Harwell, Nashville, Tenn., and David B. King of King & Blackwell, P.A., Orlando, Fla., for defendants.

Stephen J. Calvacca, Asst. U.S. Atty., Orlando, Fla., for the government.

## ORDER

WATSON,* Judge, Sitting by Designation.

Defendants have appealed the magistrate's rulings on their motions for a bill of particulars and for disclosure pursuant to Rule 16, Federal Rules of Criminal Procedure. The motions were filed herein on July 25, 1986, and the appeals were filed on August 29, 1986. The Court shall address the appeals in turn.

### Bill of Particulars

■ The magistrate denied the defendants' motion for a bill of particulars in its entirety. Defendants appeal only the denial of Items 1, 2, 3, 4 and 12. Under Item 1, defendants seek:

The name and address of each of the "other persons known and unknown to

* Of the United States Court of International Trade.

the grand jury" alleged to have combined, conspired, confederated and agreed to commit offenses against the United States (as set forth in Paragraph 1 of the Indictment).

The Court has surveyed the recent decisions of the Eleventh Circuit discussing motions for bill of particulars, and it appears to be the common practice among courts in this circuit to grant such motions insofar as they request a list of unindicted co-conspirators, at least when that information is not otherwise known to the defendant(s). *See United States v. Anderson,* 799 F.2d 1438, 1439 (11th Cir.1986); *United States v. Cole,* 755 F.2d 748, 760 (11th Cir.1985). *See also United States v. Warren,* 772 F.2d 827, 837 (11th Cir.1985) *cert. denied sub nom., Moore v. United States,* — U.S. ——, 106 S.Ct. 1214, 89 L.Ed.2d 326 (1986). Hence, without holding that the magistrate necessarily erred in denying this item, *compare United States v. Colson,* 662 F.2d 1389, 1391 (11th Cir.1981), or determining that the failure to disclose such information would prejudice the defendants, the Court will grant defendants' request insofar as it seeks the names of all unindicted co-conspirators.

The remaining items which defendants seek in this appeal are as follows:

2. The names and addresses of the unidentified cashiers and supervisors referred to in Paragraphs 26 and 27 of the Indictment.

3. The name and address of the individuals "known to the grand jury" referred to in Paragraphs 32, 33, 35, 36, 41, 43, 49, 52, 55, 56, 57, 48, 64 and 65 of the Indictment.

4. The date when the conspiracy was formed and the manner and date when each defendant joined the conspiracy.

12. The address and geographic location of the place, and the date on which the conversation, meeting or other activity in the following overt acts occurred: Paragraphs 15, 32, 33, 34, 36, 38, 39, 41, 42, 43, 44, 45, 48, 49, 52, 55, 56, 57, 58, 61, 64 and 65.

 The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense. *United States v. Warren, supra; United States v. Cole, supra; United States v. Cantu,* 557 F.2d 1173, 1178 (5th Cir.1977), *cert. denied,* 434 U.S. 1063, 98 S.Ct. 1236, 55 L.Ed. 763 (1978). Generalized discovery is not a proper purpose in seeking a bill of particulars. *United States v. Warren, supra.* In deciding whether a bill of particulars should be granted, the trial court is vested with broad discretion. *United States v. Cole,* 755 F.2d at 760.

The indictment in this case alleges in meticulous detail the terms of the conspiracy, the participation of the individual defendants in forming and carrying out the conspiracy, and numerous overt acts committed in furtherance of the conspiracy. Nearly all of the allegations include approximate dates and identify the individual participation of the defendants and unindicted co-conspirator Robert Bruce Williams.

 The detail and particularity of the allegations in the indictment is easily sufficient to inform defendants of the charge pending against them. The government need not furnish defendants the information sought under Item No. 4 beyond what is already stated in the indictment. Items 2, 3 and 12 seek information about events in which one or more of the defendants participated, or which occurred in one or more of the defendants' presence. The Eleventh Circuit has held that this sort of information need not be furnished in a bill of particulars. *United States v. Cole,* 755 F.2d at 760–61 (citing *United States v. Cantu,* 557 F.2d at 1178).[1]

Accordingly, the Court will deny defendants' motion for a bill of particulars except insofar as it seeks the names of the known unindicted co-conspirators referred to in paragraph 1 of the indictment.

**Rule 16 Motion**

The magistrate granted defendants' discovery motion "to the extent of Fed.R. Crim.P. 16." Order of August 18, 1986. Defendants' appeal from that order, thus, concerns a dispute over the appropriate scope of discovery under Rule 16. Specifically, defendants contend that Rule 16(a)(1)(A) requires the government to disclose (1) all "statements of defendants embodied in a written or otherwise recorded statement of a third-party witness ..., even if the remainder of the statement is presently non-discoverable under the Jencks Act"; and (2) all "statements of co-conspirators (including statements of co-defendant-conspirators) made during the course and in furtherance of the alleged conspiracy, even when such statements are embodied in written or otherwise recorded statements of a third-party and even though the remainder of the witness' statement is presently non-discoverable under the Jencks Act." (Appeal Memorandum at 3).

The government contends that oral statements discoverable under Rule 16(a)(1)(A) are restricted to statements which the defendant made in response to interrogation by known government agents and which the governments intends to use at trial. The government also argues that Rule 16(a)(1)(A) does not require disclosure of statements made by co-conspirators.

> Rule 16(a)(1)(A) states, in relevant part:
> Upon request of a defendant the government shall permit defendant to inspect and copy or photograph: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to inter-

1. The defendants have all consented to joint representation, pursuant to Fed.R.Crim.P. 44(c).

rogation by any person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged.

Limitations on discoverable information are set forth in Rule 16(a)(2), as follows:

Except as provided in paragraphs (A), (B), and (D), of subdivision (a)(1), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500.

It appears that the questions raised in defendants' appeal have not been ruled upon by this Circuit. A similar claim was raised by the appellants in *United States v. Warren, supra,* but the Court did not decide the issue because it found that the government's failure to disclose "all statements in its possession made by co-conspirators", even if required, "had no effect on the outcome of the case and was thus harmless error." 772 F.2d at 837–38. Significantly, however, the Court characterized the appellants' claim as "novel" and noted that "Rule 16(a) does not seem to apply to oral statements made to third-parties and ... allowing defendants access to co-conspirators' statements would oblige the Government in large organized crime prosecutions, for example, to make available the majority of the evidence it will present at trial." *Id.*

■ The Court has reviewed the cases cited by the defendants, as well as other authorities, pertaining to the appropriate interpretation and scope of the words "written or recorded statements made by the defendant" in Rule 16(a)(1)(A). The Court finds itself largely in agreement with the holding and reasoning of the Fourth Circuit in *United States v. Roberts,* 793 F.2d 580 (4th Cir.1986). Specifically, the Court agrees with and adopts the conclusion in *Roberts* that:

the phrase, "statements made by the defendant," as it appears in Fed.R.Crim.P. 16(a)(1)(a), should be interpreted when read *in pari materia* with Fed.R.Evid. 801 (d)(2)(E), to include statements made by a co-conspirator which may be imputed to a defendant under Fed.R.Evid. 801(d)(2)(E),[8] if the government does not intend to offer the co-conspirator as a witness at trial.

[8] This means of course that co-conspirator statements not covered by Rule 801(d)(2)(E), either because not made "in the course of and in furtherance of the conspiracy," *see, e.g., United States v. Percevault,* 490 F.2d 126, 131 (2d Cir.1974) (cited as additional reason for nondisclosure), or because not hearsay declarations in any event, *see [U.S. v.] Inadi* [— U.S. ——, 106 S.Ct. 1121, 1128, n. 11 (1986) ], are not discoverable under Rule 16(a)(1)(A) as we interpret it here.

793 F.2d at 585.

■ The Court should emphasize that any broadening of discovery by this interpretation over a strict literal reading of the term "defendant" in Rule 16(a)(1)(A) is extremely limited. Only those co-conspirators' statements that may be imputed to a defendant under Fed.Rule Evid. 801(d)(2)(E) must be disclosed, and then only if the government does not intend to offer the co-conspirator as a witness at trial. Furthermore, of those statements, the only oral statements of a co-conspirator that must be disclosed are statements made by the co-conspirator "in response to interrogation by any person then known to the defendant to be a government agent which the government intends to introduce at trial." As the *Roberts* court observed, "oral statements of a co-conspirator made in furtherance of a conspiracy, 'which the government intends to offer in evidence [under Fed.R.Evid. 801(d)(1)(E) ]' will presumably never have been made under interrogation to a known government agent." 793 F.2d at 586.

■ Most importantly, the Court expressly rejects (and so reads the *Roberts* decision, *see id.* at 586–87) the view advanced by the dissenting judge in *United*

*States v. Walk,* 533 F.2d 417, 424–26 (9th Cir.1975), and apparently adopted by the court in *United States v. Thevis* 84 F.R.D. 47, 55 (N.D.Ga.1975), that discovery under Rule 16(a)(1)(A) extends to a defendant's oral statements which are embodied in the written or otherwise recorded statements of a third-party witness. Such instances satisfy the "written or recorded" requirement only as to the third-party statements and not the embodied oral statements of the defendant. They would thus not be "written or recorded statements made by the defendant" discoverable under Rule 16(a)(1)(A). The contrary view urged by the defendants is particularly untenable in light of the second category of discoverable information in Rule 16(a)(1)(A) which specifically covers "oral statements ... made by the defendant" and is extremely limited in scope. The broad interpretation of the first category urged by defendants—to make all oral declarations by a defendant discoverable if embodied in a written or recorded statement by a third-party witness—would render this second category largely superfluous [2] and would all but negate the express limitations on discoverable oral statements set forth thereunder.

In sum, the Court holds that for a statement to be discoverable under Rule 16(a)(1)(A) as a "written or recorded statement made by the defendant ... within the possession, custody or control of the government", the statement (or copy) must have been written by the defendant or co-conspirator or otherwise "recorded" contemporaneously with the statement's utterance by the defendant or co-conspirator.

The Court foresees little potential for conflict between its interpretation of this provision of Rule 16(a)(1)(A) and the scope of protection from pre-trial disclosure of prospective witness statements under the Jencks Act, 18 U.S.C. § 3500, and its implementing rule, Fed.R.Crim.P. 26.2. Under the Court's interpretation, discovery does not extend to statements of co-conspirators whom the government intends to produce as witnesses at trial. Further-

more, while the Court will not speculate here as to how a written or recorded statement of a defendant (or statement of a co-conspirator imputable to a defendant under Fed.R.Evid. 801(d)(2)(E)) could be embodied only in a written or recorded statement of a prospective Jencks Act witness, any such instances would undoubtably be rare and disclosure would be limited to the declarations of the defendant or co-conspirator. As the *Roberts* court noted, any governmental concern over the security of prospective witnesses resulting from Rule 16(a)(1)(A) disclosure may be addressed in a motion for a protective order. Fed.R. Crim.P. 16(d)(1).

In accordance with the foregoing, it is ORDERED:

1. That the motion for a bill of particulars is denied in all respects, except that the government shall provide defendants with a list of the names of all known unindicted co-conspirators.

2. That the government shall permit discovery under Fed.R.Crim.P. 16(a)(1)(A) in a manner consistent with the foregoing opinion.

---

**2.** As a practical matter, most if not all relevant statements made by a defendant "in response to interrogation by a person known to the defend-

ant to be a government agent" will be embodied in written or recorded statements of the agent or of a third-party witness.