[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 30, 2006
THOMAS K. KAHN
CLERK

No. 05-12217
Non-Argument Calendar

_____

D. C. Docket No. 04-20408-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEREK ROBERTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 30, 2006)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

In March of 2004 the defendant, Derek Roberts ("Roberts"), responded to

an advertisement in a newspaper for Costa Rica Taboo Vacations (Taboo Vacations), a fake travel agency run by federal investigators trying to crack down on commercial sex operations between Costa Rica and Florida. Over a period of months, Roberts negotiated and paid for a trip to Costa Rica through Taboo Vacations in which he planned to meet and have sex with sixteen-year old minors. He cancelled the trip, but arranged for Taboo Vacations to provide him with underage sex with the Costa Rican girls in the United States. Authorities planned a rendevous for Roberts at the Marriot Hotel in the Miami International Airport, and when Roberts arrived and paid the undercover government agent he thought was in charge of arranging the transaction, Roberts was arrested. He was later indicted on one count of attempting to engage a person under the age of eighteen for commercial sex purposes in or affecting interstate commerce (Count One), in violation of 18 U.S.C. § 1594(a), and one count of attempting to induce a person under the age of eighteen to engage in prostitution (Count Two), in violation of 18 U.S.C. § 2422(b). The jury found Roberts guilty of Count One and not guilty of Count Two. He appeals his conviction for attempting to engage a person under the age of eighteen for commercial sex purposes in or affecting interstate commerce, in violation of 18 U.S.C. § 1594(a).

First, Roberts argues that the district court abused its discretion by denying

his motion for a bill of particulars as to how his offense conduct affected interstate commerce because that element was alleged too general in the indictment to adequately advise him of the charges he faced. Second, Roberts argues that the evidence was insufficient to prove that his offense affected interstate commerce. Third, Roberts contends that the district court erred in not granting his motion for a judgment of acquittal on the basis that he was entrapped as a matter of law.[1]

## I.

## BILL OF PARTICULARS

We review a district court's denial of a motion for a bill of particulars for abuse of discretion. United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981) (citations omitted). A trial court has broad discretion in ruling on a motion for a bill of particulars. Will v. United States, 389 U.S. 90, 98-99, 88 S.Ct. 269, 275 (1967). Proof of abuse requires a showing of actual surprise at trial and prejudice to the defendant's substantial rights resulting from the denial. Colson, 662 F.2d at 1391. "[G]eneralized discovery is not a proper purpose in seeking a bill of particulars." Id. (citation omitted).

---

[1] Roberts also challenges a jury instruction related to the interstate commerce element of Count Two, of which Roberts was acquitted. Roberts argues that the district court erred when it instructed the jury that the telephone system was a facility of interstate commerce. We reject this argument, both because he was acquitted of Count Two, and because there was no error in the instruction.

Federal Rule of Criminal Procedure 7(f), which governs motions for bills of particulars, explains:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). The purpose of such a bill is "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986). A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery, United States v. Martell, 906 F.2d 555, 558 (11th Cir. 1990), and it "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980).

The district court did not abuse its discretion by denying Roberts's motion for a bill of particulars. During discovery, the government provided detailed notice of the evidence it might use to establish the interstate commerce element of the charges against Roberts. Further, in response to Roberts's motion for a bill of

4

particulars, the government revealed that it planned to establish the interstate commerce element based on Roberts' use of a credit card, his use of telephone lines connected to an interstate telephone system, and his attempted rendezvous at a nationwide chain hotel serving interstate travelers. The government also clarified that it did not intend to establish an interstate commerce connection based on contact between Roberts and undercover investigators over the Internet. Because the government provided the evidence it intended to use to support the commerce element and basic information about how it would use that evidence, the district court did not abuse its discretion by denying the motion.

## II.

### SUFFICIENCY OF THE EVIDENCE

We review the sufficiency of the evidence to support a conviction de novo. United States v. McDowell, 250 F.3d 1354, 1361 (11th Cir. 2001). We view the evidence in the light most favorable to the government and draw all reasonable inferences in favor of the jury's verdict. United States v. Williams, 144 F.3d 1397, 1401-02 (11th Cir. 1998). The evidence need not "exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt. A jury is free to choose among reasonable constructions of evidence."

5

United States v. Ospina, 823 F.2d 429, 433 (11th Cir. 1987) (citation omitted).

The evidence must be sufficient to prove all necessary elements of the crime, and a conviction should be reversed due to insufficient evidence only if no reasonable jury could find proof of guilt beyond a reasonable doubt. United States v. Thomas, 8 F.3d 1552, 1556 (11th Cir. 1993)..

In order to sustain a conviction for the crime of attempt, "the government need only prove (1) the defendant was acting with the kind of culpability otherwise required for the commission of the crime for which he is charged with attempting; and (2) the defendant was engaged in conduct that constitutes a substantial step toward the commission of the crime." United States v. Root, 296 F.3d 1222, 1227-28 (11th Cir. 2002) (quotation omitted).

A person is guilty of sex trafficking of children if he "knowingly in or affecting interstate or foreign commerce...obtains by any means a person...knowing that...the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a). Attempting to violate § 1591 is also a crime. 18 U.S.C. § 1594(a). Roberts challenges the sufficiency of the evidence with respect to this jurisdictional element.

In his attempt to obtain underage sexual companions, Roberts paid government investigators with a credit card that was issued by a bank in his home

6

state of Florida, and his payment was processed by a bank in Tennessee, thus involving an act that crossed state lines and affected interstate commerce. Roberts attempted to meet and to have commercial sex with two girls that he thought had been flown to Miami from Costa Rica, again crossing state lines and affecting interstate commerce. The hotel in Miami served interstate travelers and made substantial interstate purchases, and therefore affected interstate commerce. We readily conclude that the government adduced ample evidence that the instant crime sufficiently affected interstate commerce and satisfied the jurisdictional element of § 1591(a).

Contrary to Roberts's claim, the government did not manufacture jurisdiction over Roberts's conduct, because it was not solely responsible for placing Roberts's money into interstate commerce. Roberts chose to pay with a credit card rather than a cashier's check, and thus created the possibility that his payment would be processed by a bank in another state. Roberts agreed to meet the investigators at a hotel that was involved in interstate commerce. A reasonable jury could have found beyond a reasonable doubt that Roberts's offense conduct had the necessary effect on interstate commerce.

# III.

## JUDGMENT OF ACQUITTAL ON ENTRAPMENT DEFENSE

Entrapment is an affirmative defense. United States v. Quinn, 123 F.3d 1415, 1423 (11th Cir. 1997). There are two elements to an entrapment claim, (1) government inducement of the crime, and (2) the defendant's lack of predisposition to commit the crime prior to the inducement. United States v. Francis, 131 F.3d 1452, 1455-56 (11th Cir. 1997) (citation omitted).

The defendant must show government inducement by producing any "evidence sufficient to raise a jury issue that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it." United States v. Andrews, 765 F.2d 1491, 1499 (11th Cir. 1985) (citation and internal quotation omitted). A defendant is entitled to a jury instruction on an entrapment defense where sufficient evidence exists for a reasonable jury to find in his favor on that basis. Mathews v. United States, 485 U.S. 58, 63, 108 S.Ct. 883, 887, 99 L.Ed.2d 54 (1988). "Evidence of the government's mere suggestion of a crime or initiation of contact" is not sufficient to show government inducement. United States v. Brown, 43 F.3d 618, 623 (11th Cir. 1995). The defendant must show "an element of persuasion or mild coercion" on the part of the government. Andrews, 765 F.2d at 1499 (citation omitted). "The

8

defendant may make such a showing by demonstrating that he had not favorably received the government plan, and the government had had to 'push it' on him." Id.

Once the defendant produces evidence of inducement, the government must prove beyond a reasonable doubt that the defendant was predisposed to commit the offense. Id. In determining whether the district court should have granted a motion for acquittal on the basis of entrapment as a matter of law rather than submitting the defense to the jury, we will inquire "whether the evidence was sufficient for a reasonable jury to conclude that the defendant was predisposed to take part in the illicit transaction." United States v. King, 73 F.3d 1564, 1568 (11th Cir. 1996) (quotation omitted). "Evidence of predisposition may...include the readiness or eagerness of the defendant to deal in the proposed transaction." Andrews, 765 F.2d at 1499 (citation omitted). "A predisposition finding is also supported by evidence that the defendant was given opportunities to back out of illegal transactions but failed to do so." United States v. Miller, 71 F.3d 813, 816 (11th Cir. 1996) (citation omitted).

We review a jury's rejection of an entrapment defense de novo, but view all evidence and make all inferences in favor of the government. United States v. Francis, 131 F.3d 1452, 1456 (11th Cir. 1997). We cannot overturn the jury's

9

verdict where any reasonable construction of the evidence would allow the jury to find the defendant guilty beyond a reasonable doubt. Id.

The district court did not err in rejecting Roberts's entrapment defense. As an initial matter, Roberts may not have explicitly raised the entrapment defense in his motion for acquittal, but because it is not clear that the district court did not consider the defense, we will address it.

Roberts cannot show that the government induced him to commit his crime, the first required element of the entrapment defense. Roberts initiated contact with the government's undercover investigator, and although the investigator first suggested the possibility of paying for underage sexual companions, his initial suggestion is not sufficient to establish inducement. During several discussions with the investigator Roberts expressed his desire for a 16-year-old sexual companion, rather than older companions who were ostensibly available, despite being informed of the illegality of his request. A reasonable jury could conclude that this demonstrates that Roberts was not persuaded or coerced. After Roberts canceled a Costa Rican vacation featuring underage sexual companions that he had arranged with the investigator, Roberts asked whether he could obtain sexual services locally in lieu of his vacation, rather than seeking a refund. Roberts never stated that he was uncomfortable with obtaining underage sexual companions in

10

the United States, only that he was concerned about the increased costs of such services and the cancellation fee for his vacation. At one point, Roberts did decide that he wanted a full refund but soon thereafter, without any intervening contact with or persuasion by federal investigators, he called back to change his mind and order 16-year-old sexual companions. Roberts cannot show, as he argues on appeal, that he was persuaded or coerced into continuing to seek underage sexual companions because he could not obtain a full refund for his vacation.

Even if Roberts could show inducement, the evidence was sufficient for a reasonable jury to conclude that he was predisposed to commit the crime. Roberts appeared ready and eager to deal in the proposed transaction, and he was given several opportunities to back out of the transaction, both before and after he canceled his trip to Costa Rica. Each time he failed to do so. Roberts expressed concerns about the illegality of underage sexual companions, but continued to attempt to obtain them despite opportunities end the negotiations with the travel agency. A reasonable jury could have found beyond a reasonable doubt that Roberts was not entrapped.

For the foregoing reasons, the judgment of the district court is
**AFFIRMED.**

11