UNITED STATES of America,
Plaintiff-Appellee,

v.

Ronald KNIGHT, Alfaro Carlos-Teat, and
Ontoniel Britton,
Defendants-Appellants.

No. 82–5811
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 20, 1983.

Magazine & Blumenfeld, Jack R. Blumenfeld, Coconut Grove, Fla., for defendants-appellants.

John F. Peyton, Jr., Patricia J. Kenney, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

PER CURIAM:

Appellants were convicted of conspiring to possess and possessing with intent to

distribute marijuana while on board the vessel "Kris" in violation of 21 U.S.C. § 955a(a) and (c). We conclude that none of the arguments raised by appellants contain merit and affirm.

On April 8, 1982, a United States Coast Guard vessel intercepted a vessel which was on the high seas in an exclusive Mexican fishing zone. While approaching, the Coast Guardsman saw the word "Kris" and the home port of "Brownsville, Texas" painted on the stern. The number 517011 was painted on the side of the vessel where the official number given the vessel by the manufacturer or the Coast Guard when registered in the United States should have been permanently affixed. The vessel was not displaying a flag and contained only visible markings indicating that the boat was a United States vessel.

When contacted by the Coast Guard, Ronald Knight, the vessel's master, stated that the vessel and crew were Colombian. Knight also stated that there were no documents on board to verify the ship's nationality or the owner's identity. Knight evaded questions concerning the vessel's destination. Commander Fenton asked for and received permission to board. The boarding officer, Ensign Campbell, did not find any papers or any permanently affixed main beam number or official number to match that painted on the vessel's side. The boarding party discovered 32,000 pounds of marijuana in the main and forward holds. The crewmen, Alfaro Carlos-Teat and Ontoniel Britton, disclaimed knowledge of the vessel's cargo.

At trial, the defense introduced some evidence that the "Kris" was actually a vessel of Panamanian registry. A jury found all three defendants guilty. This appeal followed.

Appellants challenge the right of the United States to assert jurisdiction over the "Kris" pursuant to 21 U.S.C. § 955a which prohibits possession of marijuana on the high seas while on board a "vessel subject to the jurisdiction of the United States." Section 955b(d) includes in its definition of such vessels "a vessel assimilated to a vessel without nationality, in accordance with paragraph (2) of Article 6 of the Convention on the High Seas, 1958." Paragraph (2) of the Convention provides:

A ship which sails under the flags of two or more States, using them according to convenience, may not claim any of the nationalities in question with respect to any other state, and may be assimilated to a ship without nationality.

■ Appellants' argument lacks merit. Appellants have failed to present a sufficient nexus between the "Kris" and another country to preclude jurisdiction. At best, they have shown that the vessel was stateless. This court has held that 21 U.S.C. § 955a "properly extends the criminal jurisdiction of this country to any stateless vessel in international waters engaged in the distribution of controlled substances." *United States v. Martinez,* 700 F.2d 1358, 1362 (11th Cir.1983); *United States v. Marino-Garcia,* 679 F.2d 1373, 1383 (11th Cir. 1982).

■ Appellants next challenge the sufficiency of the evidence regarding the crewmembers' possession of the contraband. Possession of contraband may be constructive or actual. *United States v. Goldstein,* 635 F.2d 356, 362–63 (5th Cir. Unit B), *cert. denied,* 452 U.S. 962, 101 S.Ct. 3111, 69 L.Ed.2d 972 (1981). Constructive possession consists of the knowing exercise of or the knowing power or right to exercise dominion and control over the substance. *United States v. Marx,* 635 F.2d 436, 440 (5th Cir. Unit B 1981); *United States v. Riggins,* 563 F.2d 1264, 1266 (5th Cir.1977), *cert. denied,* 439 U.S. 848, 99 S.Ct. 148, 58 L.Ed.2d 150 (1978). Constructive possession need not be exclusive but may be shared by others. *United States v. Miller,* 693 F.2d 1051, 1053 (11th Cir.1982). We have carefully reviewed the record in this case and conclude that the evidence was sufficient to support the convictions. *See United States v. Alfrey,* 620 F.2d 551, 556 (5th Cir.), *cert. denied,* 449 U.S. 938, 101 S.Ct. 337, 66 L.Ed.2d 160 (1980). The record contains testimony that the 65-foot vessel contained 32,000 pounds of marijuana in the holds. The

bales in the forward hold were clearly visible from the engine room and the entire boat smelled strongly of marijuana. When crewmen are found aboard a vessel on which the presence of marijuana is obvious, a conspiracy may be inferred. *United States v. Munoz,* 692 F.2d 116 (11th Cir. 1982).

■ Finally, appellants argue that the trial court erred in its instruction on conscious avoidance. Appellants contend that the instruction (1) failed to mention the requirement that they have been aware of the high probability that marijuana was in the hold; (2) allowed the jury to convict on an objective theory of knowledge; and (3) failed to instruct that despite the high probability of the existence of the marijuana, the defendants might have believed that no marijuana was aboard. We conclude that the trial judge's instruction was appropriate because it was without doubt based upon facts which would "point in the direction of deliberate ignorance." *United States v. Batencort,* 592 F.2d 916, 918 (5th Cir.1979) (quoting *United States v. Murrieta-Bejarano,* 552 F.2d 1323, 1325 (9th Cir.1977)). The instruction given, taken as a whole, makes clear that knowledge of a specific defendant can only be inferred by referring to that defendant's subjective views of what was obvious to him had he not closed his eyes to the marijuana's presence. *See United States v. Valle-Valdez,* 554 F.2d 911, 914 (9th Cir.1977); *United States v. Jewell,* 532 F.2d 697 (9th Cir.), *cert. denied,* 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976).

Having concluded that none of appellants' contentions contain merit, we affirm the judgment of the district court.

AFFIRMED.