**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Victor Alfonso COLINDRES–DAVILA, Defendant-Appellant.**

No. 86–5022.

United States Court of Appeals, Eleventh Circuit.

Nov. 17, 1986.

Theodore J. Sakowitz, Lori E. Barrist, Federal Public Defenders, Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., David O. Leiwant, Thomas J. Mulvihill, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before JOHNSON and ANDERSON, Circuit Judges, and GARZA *, Senior Circuit Judge.

———

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

PER CURIAM:

Defendant Colindres-Davila, chief engineer of the freighter FEDROS, was convicted of possession of cocaine with intent to distribute after more than 200 kilograms of cocaine were discovered inside one of the freighter's water tanks. In this appeal Colindres argues that the evidence adduced at trial was insufficient to support his conviction. Evidence is sufficient to support a conviction if a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. The evidence need not be wholly inconsistent with a conclusion of guilt. *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), *aff'd on other grounds*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). Because intent to distribute may be inferred from the quantity of the drugs, *see, e.g., United States v. Grayson*, 625 F.2d 66, 66 (5th Cir.1980), the only element of the offense in question is possession. Having reviewed the totality of the evidence in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), we hold that the jury properly could have concluded beyond a reasonable doubt that Colindres was in possession of the cocaine.

Colindres acknowledges that possession may be constructive and that constructive possession may be proved by circumstantial evidence. *See, e.g., United States v. Tamargo*, 672 F.2d 887, 890 (11th Cir.), *cert. denied*, 459 U.S. 864, 103 S.Ct. 141, 74 L.Ed.2d 119 (1982). Colindres correctly notes, however, that the circumstances of this case differ significantly from those in the more typical drugs-on-a-boat case where several tons of marijuana are discovered on a tiny fishing vessel. Here the vessel in question was a 260–foot freighter, more than four times the length of many of the boats used for smuggling, and contained legitimate cargo. In *United States v. Cruz-Valdez*, 773 F.2d 1541, 1546 (11th Cir.1985) (en banc), *cert. denied sub nom. Ariza-Fuentes v. United States*, — U.S. —, 106 S.Ct. 1272, 89 L.Ed.2d 580 (1986), a case where more than 9,000 pounds of mar-

ijuana were discovered aboard a 68–foot shrimp trawler with decrepit fishing equipment, we noted that while "it may be quite reasonable for [a] jury to find that all of the persons on board a small boat that is packed with marijuana must have known about it," it might be "unreasonable for a jury to infer knowledge by a particular seaman of the presence of a kilogram of cocaine on a large freighter." Thus, in *United States v. Vidal-Hungria*, 794 F.2d 1503 (11th Cir.1986), we held that the presence of twenty-three tons of marijuana in a well-secreted, sealed compartment on a 156–foot coastal freighter with legitimate cargo was insufficient alone to convict the entire crew of possession.

However, our holding in *Vidal-Hungria* does not dispose of this case for two reasons. First, as chief engineer, Colindres was responsible for supervising access to the water tank in which the cocaine was secreted. Thus, Colindres was not merely present on a freighter that contained contraband. By contrast, in *Vidal-Hungria* the government failed to prove that any specific crew member was responsible for the compartment containing the marijuana. *Id.* at 1514 n. 11. Importantly the captain, whose responsibilities would have led him to detect the marijuana, did not challenge the sufficiency of the evidence. *Id.* at 1515 n. 12.

Second, in *Vidal-Hungria*, there was no evidence supporting the conviction of the crew members apart from the large quantity of marijuana. Furthermore, the crew members were fully cooperative and exhibited no suspicious behavior. *Id.* at 1515–16. Here there was additional evidence on which the jury could have relied to find that Colindres knew the cocaine was in the tank and intended to exercise control over it. When a customs officer asked Colindres to empty the tank, Colindres first told the officer that the tank was full and that at least ten hours were needed to drain it. He later purported to check the water level in the tank from the engine room, although in reality the level could not be read from that room. After pretending to read the

water level, Colindres stated that draining the tank would take five or six more hours, and that opening the tank before draining would cause water to flow out. Actually the tank at that time had but one or two feet of water in it. It was easily searched with that amount of water; no more than a few drops of water escaped from the tank. Inside the tank were 18 tire tubes containing more than 200 packages of cocaine.

Colindres' actions and statements with regard to the tank containing the cocaine were in marked contrast to his actions regarding several other tanks aboard the FEDROS. Colindres cooperated fully in the inspection of those tanks, and no cocaine was found inside them. The jury could have relied on Colindres' suspicious behavior and diversionary maneuvers, in conjunction with the large quantity of cocaine and Colindres' control over the water tank, to find Colindres guilty of possession. *Cruz-Valdez,* 773 F.2d at 1547.

Appellant points to the fact that other crew members had limited access to the water tanks. Furthermore, for seventeen hours prior to the Coast Guard search when the FEDROS was docked in Miami, numerous people came on and off the freighter without supervision. Even apart from the improbability that anyone would load a freighter bound for Colombia with cocaine, such facts alone do not undermine the sufficiency of the evidence. In *Cruz-Valdez,* 773 F.2d at 1546, we explained that "it is highly improbable that drug smugglers would allow an outsider on board a vessel filled with millions of dollars worth of contraband." Similarly, it is highly improbable that a drug smuggler would have risked placing this much cocaine in a tank containing a freighter's drinking water without the complicity of the chief engineer responsible for the tank. At any rate, there was sufficient evidence which the jury could credit to establish appellant's guilt beyond a reasonable doubt.

Although we affirm Colindres' conviction, we remand this case to the district court for the limited purpose of correcting its judgment and commitment order by striking the reference therein to 18 U.S.C.A. § 2, the general aiding and abetting statute. The government did not argue an aiding and abetting theory, and no instruction on that theory was given to the jury.

AFFIRMED and REMANDED with instructions.