**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Roman YOUNG, Zed Myers Bennett, Steven Alan Carver, Defendants–Appellants.**

**No. 88–3459.**

United States Court of Appeals, Eleventh Circuit.

July 23, 1990.

---

7. The record is clear that Dolly Ison was not acting under any actual authority of Apcoa.

Peter Warren Kenny, Kenny & Perry, Orlando, Fla., for Robert Roman Young.

Mary F. Trotter, Cheek & Trotter, Casselberry, Fla., for Steven Alan Carver.

Ismael Solis, Jr., Orlando, Fla., for Zed Myers Bennett.

Robert W. Merkle, U.S. Atty., Paul J. Moriarty, Asst. U.S. Atty., Cynthia R. Hawkins, Orlando, Fla., for defendant-appellants.

Before HATCHETT, Circuit Judge, HILL * and FAIRCHILD **, Senior Circuit Judges.

HATCHETT, Circuit Judge:

In this marijuana importation case, we affirm the convictions.

## FACTS

A federal grand jury returned the twelve count indictment charging Robert Young, Steven Alan Carver, Rodney Lyndon Hardin, Zed Myers Bennett, and others for their alleged involvement in various narcotics related activities. The indictment alleged that Carver, Young, Bennett, and others conducted an enterprise through a pattern of racketeering activities in violation of 18 U.S.C. § 1962(c) (Count I) and also conspired to conduct an enterprise through a pattern of racketeering activities in violation of 18 U.S.C. § 1962(c) (Count II).

Counts III through XII related to shipments of marijuana, on different dates, using different boats. The chart below summarizes the allegations of Counts III through XII.

| | Young, Robert | Carver, Steven A. | Hardin, Rodney L. | Bennett, Zed |
|---|---|---|---|---|
| Counts III and IV | None of the appellants charged | | | |
| Count V 3/16–3/20/84 Attempted Importation aboard "Blue Jillion" searching for "Grifon" which carried 34,000 lbs. | | X | | |
| Count VI 3/16–3/20/84—Possession aboard "Grifon" 34,000 lbs. | | X | | |
| Count VII | X | X | X | X |

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Thomas E. Fairchild, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

| | Young, Robert | Carver, Steven A. | Hardin, Rodney L. | Bennett, Zed |
|---|---|---|---|---|
| April or May, '84 Importation "Kelly Ann" 7,500 lbs. | | | | |
| Count VIII April or May, '84 Possession "Kelly Ann" 7,500 lbs. | X | X | X | X |
| Count IX | None of the appellants charged. | | | |
| Count X Oct. 1984—Importation "Wild Turkey" 30,000 lbs. | X | X | | X |
| Count XI Oct. 1984 Possession 30,000 lbs from "Wild Turkey" | X | X | | X |
| Count XII April or May '84 Conspiracy to import & possess w/intent to distrib. in excess of 1,000 lbs. | | | X | |

A jury convicted appellants on all counts.*** In Count VI, however, the jury found Carver guilty of the lesser included offense of attempted possession of marijuana aboard a United States vessel on the high seas.

## CONTENTIONS

Carver, Bennett, and Young contend that the district court erred in denying their motions for judgment of acquittal on several of the charges. In addition, Carver contends that the district court abused its discretion when it refused a jury request to rehear a portion of the trial testimony. Carver also contends that he was prejudiced by a lengthy pre-indictment delay.

The government contends that it presented sufficient evidence to convict the appellants of all charges. The government further contends that the district court properly refused to allow the jury to rehear a portion of the trial testimony, and properly denied Carver's motion to dismiss based on pre-indictment delay.

## ISSUES

The issues are as follows: (1) whether the government presented sufficient evidence (a) to establish the existence of an enterprise for the purposes of a RICO conspiracy, and (b) to convict Bennett and Carver for their participation in various of the substantive acts of importation and possession of marijuana with intent to distribute; (2) whether the pre-indictment delay prejudiced Carver; and (3) whether the district court improperly refused the jury's request to rehear a segment of trial testimony.

## DISCUSSION

### I. Sufficiency of the Evidence

The test for reviewing the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. *United States v. Ospina,* 823 F.2d 429 (11th Cir.1987), *cert. denied,* 485 U.S. 964, 108 S.Ct. 1232, 99

*** Rodney L. Hardin voluntarily dismissed his appeal on February 28, 1990.

L.Ed.2d 432 (1988). A jury is free to choose among reasonable constructions of the evidence. *Ospina,* 823 F.2d at 433. The standard applied is the same whether the evidence is direct or circumstantial. *United States v. Peddle,* 821 F.2d 1521, 1525 (11th Cir.1987).

### A. RICO and RICO Conspiracy

■ To establish a RICO violation pursuant to 18 U.S.C. § 1962(c), the government must establish: (1) that an enterprise which affects interstate or foreign commerce existed; (2) that the defendant associated with the enterprise; (3) that the defendant participated in the conduct of the enterprise's affairs; and (4) that the defendant's participation is through a pattern of racketeering activity through the commission of at least two acts of racketeering activity as set forth in the indictment. *United States v. Phillips,* 664 F.2d 971, 1011 (5th Cir.1981), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982). According to the appellants, the evidence indicates that a single individual operated an importation scheme and on various occasions used different individuals, not associated with the enterprise, to perform various tasks. They assert that, viewed in the light most favorable to the government, the evidence indicates sporadic activity by individuals rather than the existence of an enterprise.

■ Title 18 U.S.C. § 1961(4) defines an enterprise as including "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." An individual may be convicted of a RICO violation even though the individual did not know all co-conspirators and details of the enterprise or participate in every venture. *United States v. Mitchell,* 777 F.2d 248, 260 (5th Cir.1985), *cert. denied,* 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986). Moreover, an enterprise can exist in the absence of a formally structured group. *See, e.g., United States v. Valera,* 845 F.2d 923, 929 (11th Cir.1988). An "'[a]greement on an overall objective' can be proved by either an explicit agreement to participate in the enterprise or circumstantial evidence showing 'that each defendant must necessarily have known that others were also conspiring to participate in the same enterprise through a pattern of racketeering activities.'" *Valera,* at 929 (citations omitted). We conclude that the government presented sufficient evidence to establish the existence of a union or group of individuals associated in fact although not a legal entity. *See United States v. Bascaro,* 742 F.2d 1335 (11th Cir.1984), *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3476, 87 L.Ed.2d 613 (1985).

According to the government, the enterprise consisted of two or three leaders and several core individuals who were associated to effectuate the importation of marijuana into the United States. At trial, the government sought to prove that the leaders functioned by organizing and arranging for the importation of marijuana via "mother ships." The government also sought to prove that the leaders used a group of individuals who participated in the enterprise by arranging to off-load the drugs from the "mother ships" into the net boats for their eventual importation.

Appellants, who were not leaders, argue that they participated sporadically in off-loading the marijuana and were not part of an enterprise. They maintain that they were merely associated with members of the enterprise, and therefore are not subject to RICO liability. *See Valera.*

The evidence in this case indicates that leaders of the enterprise planned and organized several marijuana importation schemes. Planning meetings were held prior to each venture. The evidence also indicated that a core group of individuals, including appellants, were utilized to off-load the marijuana from the "mother ships." Each appellant participated in at least two off-load ventures. Viewed in the light most favorable to the government, the jury could have reasonably concluded that appellants knew that others could be depended upon to make the preliminary arrangements for the importation of marijuana.

## B. Non-RICO Counts

■ Appellant Bennett argues that the government presented insufficient evidence to convict him of importation and possession of marijuana with intent to distribute. According to Bennett, the evidence adduced at trial was so scant that the jury was left to speculate as to his guilt or innocence. He maintains that the evidence presented supports only a finding that he associated with the co-conspirators.

At trial, the government presented evidence indicating that Bennett directed the transfer of marijuana to the "Kelly Ann" in April, 1984. The jury also heard testimony indicating that Bennett held discussions concerning the plan to import marijuana in the summer of 1984. Additionally, the government presented evidence indicating that Bennett received advance notice of special code names and channels to facilitate radio contact with a freighter in the Bahamas. Thereafter, members of the enterprise contacted the freighter and obtained marijuana which they imported into the United States.

■ We also reject Carver's contention that the government presented insufficient evidence to convict him of importation and possession of marijuana in connection with both the "Kelly Ann" and "Wild Turkey" ventures. Our review of the record indicates that Carver attended a meeting prior to the confiscation of marijuana aboard the "Grifon," and later participated in the off-load of the "Wild Turkey." Carver was also present aboard the fishing boat "Blue Jillion" when it attempted to rendezvous with the "Grifon."

Carver maintains that he was an innocent by-stander at both the planning meeting and during the attempted rendezvous with the "Grifon." Notwithstanding this assertion, the government presented evidence that Carver participated in a later scheme to import marijuana aboard the "Wild Turkey." This evidence is admissible to support the government's assertion that Carver was a participant in the enterprise and not an innocent by-stander at the planning meeting or during the search for the "Grifon." *See, e.g., United States v. Wyatt*, 762 F.2d 908, 910–11 (11th Cir. 1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1266, 89 L.Ed.2d 575 (1986).

■ Likewise, we conclude that the government presented sufficient evidence to establish Carver's guilt in connection with the importation of marijuana aboard the "Kelly Ann" (Counts VII and VIII). The government presented evidence indicating that Carver attended a planning meeting prior to the venture where he received instructions to create a diversion to distract law enforcement officers. Carver also attended a meeting on the day following the off-load to discuss the distribution of profits.

## II. Pre–Indictment Delay

■ Carver contends that he was substantially prejudiced because of an almost three year pre-indictment delay. To succeed on a motion to dismiss based on a pre-indictment delay, Carver must establish (1) that the delay caused actual prejudice to the conduct of his defense, and (2) that the delay was the product of deliberate action by the government designed to gain a tactical advantage. *United States v. Benson*, 846 F.2d 1338, 1341 (11th Cir.1988). Carver's conclusory allegations of prejudice are insufficient to establish actual prejudice. Furthermore, Carver fails to make a colorable showing that the government deliberately caused the delay.

## III. Jury Request to Rehear Testimony

■ Carver's allegation that the district court abused its discretion by refusing to allow the jury to hear a segment of testimony is meritless. A review of the record reveals that the jury requested the specific testimony of a witness concerning the off-loading of the "Kelly Ann." The trial judge initially agreed to allow the jury to hear the testimony; however, the attorneys for the appellants could not agree on which portion of testimony to provide the jury. Thereafter, the judge informed the jury of the lack of agreement, and offered the jury the entire testimony of the witness. Under the circumstances, we conclude that the

district court did not abuse its discretion in not permitting the jury to rehear a portion of the trial testimony. *See United States v. Quesada–Rosadal,* 685 F.2d 1281, 1283 (11th Cir.1982) (trial court has broad discretion in determining whether trial testimony may be read to the jury).

### CONCLUSION

In light of the reasons stated above, we affirm the appellants' convictions and sentences.

AFFIRMED.