[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10600
Non-Argument Calendar

_____

D. C. Docket No. 07-00155-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR LEON DIXON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 22, 2008)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Arthur Leon Dixon appeals his conviction under 18 U.S.C. § 924(c)(1)(A),

which provides an additional prison sentence of at least five years for a defendant who knowingly uses, carries, or possesses a firearm "in furtherance of" a drug trafficking crime. Dixon argues that the evidence presented at trial was insufficient for a reasonable jury to convict him of the charge. After carefully reviewing the parties' briefs, we affirm Dixon's conviction.

"We review the sufficiency of the evidence presented at trial *de novo.* The evidence is viewed in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor." *United States v. LeCroy*, 441 F.3d 914, 924 (11th Cir. 2006). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Young*, 906 F.2d 615, 618 (11th Cir. 1990) (citation omitted).

Under 18 U.S.C. § 924(c)(1)(A), the government must show that a defendant used or carried a firearm "in relation to" a drug trafficking crime, or possessed a firearm "in furtherance of" a drug trafficking crime. "The 'in furtherance' element requires proof that 'the firearm helped, furthered, promoted, or advanced the drug trafficking.'" *United States v. Woodard,* 531 F.3d 1352, 1362 (11th Cir. 2008) (quoting *United States v. Timmons,* 283 F.3d 1246, 1252 (11th Cir. 2002)). Thus,

> there must be a showing of some nexus between the firearm and the drug selling operation. The nexus between the gun and the drug operation can be established by the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.

*Timmons*, 283 F.3d at 1253 (citation and internal quotation marks omitted).

At trial, the government presented evidence that the gun was in the room with Dixon and the drugs; that Dixon had sold drugs on multiple occasions from the room where the police found the gun; that the quantity of drugs found in that room are inconsistent with personal use; and that drug dealers are known to keep guns nearby to protect against attempted theft. Dixon focuses in this appeal on what the government did not prove, such as whether his possession of the gun was legitimate or illegal, or whether anyone witnessed him with a gun during a drug deal. He argues that the evidence presented at trial established only that he was in the same room with the gun and drugs, not that the gun furthered any drug trafficking.

But "the evidence [need not] exclude every reasonable hypothesis of innocence . . . ." *Young*, 906 F.2d at 618 (citation omitted). Dixon has acknowledged that the government did prove some factors that weigh against him.

3

He admits that the easily accessible loaded gun, the extra ammunition clip, the digital scale, and the drugs were all found in the same room. Thus, the evidence supports an inference that the room was used for drug trafficking. *Cf. United States v. Molina*, 443 F.3d 824, 830 (11th Cir. 2006) (finding that "the proximity of the firearm to the drugs[] [and] digital scales . . . established a sufficient nexus between the firearm and the drug trafficking crime").

We conclude that a reasonable jury could have found, based on the evidence presented at trial, that Dixon possessed a handgun to protect his drugs and drug profits. The evidence sufficiently established his guilt beyond a reasonable doubt on the charge of using, carrying, or possessing a firearm in furtherance of a drug trafficking crime. 18 U.S.C. § 924(c)(1). Accordingly, we affirm Dixon's conviction.

**AFFIRMED.**