[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13730
Non-Argument Calendar

_____

D. C. Docket No. 07-00022-CR-01-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER LEE SPECK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 21, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

On March 20, 2007, a Northern District of Georgia grand jury returned a six-

count superceding indictment against Christopher Lee Speck charging him as follows: Count One, conspiracy to possess with intent to distribute at least 500 grams of a substance containing 3, 4-methylenedioxymethamphetamine ("MDMA") and methamphetamine, and a mixture of MDMA and methamphetamine, in violation of 21 U.S.C. §§ 846; Counts Two through Five, possession with intent to distribute a substance containing MDMA and methamphetamine, and a mixture of MDMA and methamphetamine, in violation of 21 U.S.C. § 841(a)(1); Count Six, possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). Speck pled guilty to the Count Two offense, and stood trial before the district court on the remaining counts of the superceding indictment. The court found Speck guilty on all counts and sentenced him to concurrent prison terms of 121 months on the first five counts, and a consecutive 60 months' term on Count Six. He now appeals his Count Six conviction, arguing that the evidence was insufficient to establish the Count Six offense because there was no nexus between the firearm that he possessed and his drug transactions.

"We review the sufficiency of the evidence presented at trial de novo. The evidence is viewed in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor." United States

v. LeCroy, 441 F.3d 914, 924 (11th Cir. 2006). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." United States v. Young, 906 F.2d 615, 618 (11th Cir.1990).

Under 18 U.S.C. § 924(c)(1)(A), the government must show that a defendant knowingly possessed a firearm in furtherance of any federal drug trafficking crime. 18 U.S.C. § 924(c)(1)(A); United States v. Woodard, 531 F.3d 1352, 1362 (11th Cir. 2008). "The 'in furtherance' element requires proof that the firearm helped, furthered, promoted, or advanced the drug trafficking." Woodard, 531 F.3d at 1362 (quotation omitted). "There must be a showing of some nexus between the firearm and the drug selling operation." United States v. Timmons, 283 F.3d 1246, 1253 (11th Cir. 2002) (quotation omitted).

After reviewing the evidence presented to the district court, we conclude that it was sufficient to prove that Speck possessed his shotgun in furtherance of his drug trafficking activities. Speck was storing, cutting, manufacturing, and distributing drugs from his apartment. He kept within easy access – to protect his operations – a loaded Mossberg 12 gauge shotgun.

AFFIRMED.

3