[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13919
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00254-CR-06-JTC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLISTAIR ST. AUBYN CLARKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 4, 2009)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Allistair St. Aubyn Clarke appeals his convictions, following a jury trial, of

conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(ii), and possession with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2, contending that the district court erred in denying his motion for judgment of acquittal made pursuant to Federal Rule of Criminal Procedure 29. In his brief, Clarke, conceding that a drug conspiracy did exist, argues that the Government failed to prove that he was a member of the conspiracy. He also argues that the evidence was insufficient to prove that he possessed cocaine with intent to distribute.

"We review the sufficiency of the evidence presented at trial de novo." United States v. LeCroy, 441 F.3d 914, 924 (11th Cir. 2006). "The evidence is viewed in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor." Id. "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." United States v. Young, 906 F.2d 615, 618 (11th Cir. 1990). In referring to the evidence, we refer to circumstantial as well as direct evidence. Hence, a conspiracy may be established by circumstantial evidence alone. Glasser v. United

2

States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942) ("Participation in a criminal conspiracy need not be proved by direct evidence; a common purpose and plan may be inferred from a 'development and collocation of circumstances.' "); United States v. Gold, 743 F.2d 800, 824 (11th Cir.1984) (" 'The very nature of conspiracy frequently requires that the existence of an agreement be proved by inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme.' ") (quoting United States v. Ayala, 643 F.2d 244, 248 (5th Cir. Unit A 1981)) (brackets omitted).  Because the conspiracy offense in this case can be established with circumstantial evidence alone, it follows that circumstantial evidence alone can establish the possession with intent to distribute offense.

We use the above standards to assess Clarke's challenges to the sufficiency of the evidence .  We turn first to the conspiracy charge, then the possession with intent to distribute offense.

I.

"[T]he elements of the offense of conspiracy under 21 U.S.C. § 846 are: (1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means."  United States v. Toler, 144 F.3d 1423, 1426 (11th Cir. 1998).  To obtain a conviction of this offense, it was not necessary that the Government prove that Clarke "knew

3

every detail or that he participated in every stage of the conspiracy." United States v. Jones, 913 F.2d 1552, 1557 (11th Cir. 1990). Rather, what the Government had to show was that Clarke knew "of the essential nature and scope of the enterprise and intend[ed] to participate." United States v. Calderon, 169 F.3d 718, 723 (11th Cir. 1999) (quotation omitted).

Here, a reasonable jury could have found that the Government made this showing. The evidence was overwhelming. It included, among other things, Clarke's statements to undercover DEA Agent Joe Figueroa that he wanted to distribute cocaine and that he could receive a shipment of drugs at the BBT warehouse in Atlanta, which turned out to be the conspirators' headquarters. And he participated in the ongoing cocaine trafficking at the warehouse.

II.

"To support a conviction for possession of a controlled substance with intent to distribute [under 21 U.S.C. § 841], the evidence must show that the defendant knowingly possessed the controlled substance with the intent to distribute it." United States v. Leonard, 138 F.3d 906, 908 (11th Cir. 1998). Under 18 U.S.C. § 2, "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." Clarke could be found guilty of the possession with intent to distribute

4

offense even though he may not have actually possessed cocaine, but, instead, simply aided or abetted one or more co-conspirators in committing the offense.

United States v. Perez, 922 F.2d 782, 784-85 (11th Cir. 1991). As we have held:

> An accused may be found to have aided and abetted a co-conspirator's possession by virtue of his participation in the conspiracy. The standard test for determining guilt by aiding and abetting is to determine whether a substantive offense was committed by someone, whether there was an act by the defendant which contributed to and furthered the offense, and whether the defendant intended to aid its commission.

Jones, 913 F.2d at 1558 (citations omitted).

Here, a reasonable jury could have found, beyond a reasonable doubt, that Clarke aided and abetted his co-conspirators possession with intent to distribute drugs based on the incriminating statements he made to Figuero and others and his active participation in the conspiratorial activities.

AFFIRMED.