[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16489
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00281-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD BROOKS NELSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 12, 2009)

Before DUBINA, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Richard Brooks Nelson appeals his convictions for enticement of

a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) and Ala. Code § 13A-6-62(a)(1), and commission of a felony offense involving a minor by a registered sex offender, in violation of 18 U.S.C. § 2260A. On appeal, he contends that the district court erred in instructing the jury that Alabama's second-degree rape statute prohibits sexual intercourse with a child who is 12 years old, and asserts that this erroneous jury instruction constituted a constructive amendment to the indictment. Specifically, Nelson argues that, because the statute prohibits sexual intercourse with a child who is over 12 years old but less than 16 years old, the victim must have attained the age of at least 13 in order for the statute to apply. In addition, Nelson argues that the district court erred in denying his motion for judgment of acquittal under Fed.R.Crim.P. 29(a) because the evidence was insufficient to support his convictions, as his offense involved a minor who was 11 years old, not 12 years old.

## I.

We review a district court's jury instructions *de novo* to determine "whether they misstate the law or mislead the jury to the prejudice of the objecting party." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002) (quotation omitted). "We give the district court wide discretion as to the style and wording employed in the instructions, ascertaining that the instructions accurately reflect the law." *Id.*

2

"A constructive amendment to the indictment occurs where the jury instructions so modify the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the grand jury's indictment." *United States v. Starke*, 62 F.3d 1374, 1380 (11th Cir. 1995) (internal quotations and citation omitted).

We have articulated the following principles regarding statutory interpretation: First, if the language at issue has a plain and unambiguous meaning, then that meaning controls, and the inquiry ends. *United States v. Silva*, 443 F.3d 795, 798 (11th Cir. 2006). Furthermore, we will not "look at one word or term in isolation, but instead will look to the entire statutory context." *Id.* (quotation and alteration omitted). Finally, we avoid interpreting statutory language in a manner that produces an absurd result, even if the resulting interpretation is not wholly consistent with the plain language of the statute. *Id.*

Alabama's first-degree rape statute provides, in pertinent part, "A person commits the crime of rape in the first degree if . . . [h]e or she, being 16 years or older, engages in sexual intercourse with a member of the opposite sex who is less than 12 years old." Ala. Code § 13A-6-61(a)(3). Alabama's second-degree rape statute provides, in pertinent part, "A person commits the crime of rape in the second degree if . . . [b]eing 16 years old or older, he or she engages in sexual

3

intercourse with a member of the opposite sex less than 16 and more than 12 years old." Ala. Code § 13A-6-62(a)(1).

If Alabama's second-degree rape statute did not apply to 12-year-olds, then 12-year-olds would lack statutory protection from rape because Alabama's first-degree rape statute expressly applies only to those children who are under the age of 12. Thus, the interpretation of Alabama's second-degree rape statute that Nelson urges on appeal is rejected by us because it produces an absurd result. Accordingly, we conclude that the district court did not err in its jury instruction on Alabama's second-degree rape statute. Because the district court's jury instructions accurately described the law, the court did not constructively amend the indictment.

## II.

Rule 29 of the Federal Rules of Criminal Procedure provides, in pertinent part, "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a). We review a district court's denial of a Rule 29 motion *de novo*, "viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in favor of the jury's verdict." *United States v.*

4

*Hunt*, 526 F.3d 739, 744 (11th Cir. 2008). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Young*, 906 F.2d 615, 618 (11th Cir. 1990).

Nelson was charged under 18 U.S.C. § 2422(b), which provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States  knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b); (*See* Doc. 12 at 1). As noted above, Nelson's § 2422(b) charge referenced Ala. Code § 13A-6-62(a)(1), which prohibits sexual intercourse between a person over the age of 16 and a child who is more than 12 years old and less than 16 years old. Ala. Code § 13A-6-62(a)(1).

In order to support a conviction for attempt, the government must show not only that the defendant took a substantial step toward committing the charged offense, but also that the defendant had the specific intent to commit the underlying charged crime. *United States v. Yost*, 479 F.3d 815, 819 (11th Cir. 2007). In *United States v. Root*, we rejected the defendant's argument that the evidence was

5

insufficient to support his conviction under § 2422(b) because, in his attempts to communicate with a 13-year-old girl over the internet in order to induce her to engage in sexual intercourse, he had actually been communicating with an undercover agent. *United States v. Root*, 296 F.3d 1222, 1224, 1227 (11th Cir. 2002). We held that a defendant's offense need not involve an actual minor in order to support a conviction for attempt under § 2422(b), explaining that it was sufficient that the defendant believed that his offense involved a minor. *Id.* at 1228-29.

Under the principle set forth in *Root*, we conclude that sufficient evidence supported Nelson's conviction under § 2422(b) and Ala. Code § 13A-6-62(a)(1) because the evidence permitted a reasonable jury to conclude that Nelson believed that he was enticing a 12-year-old girl to have sexual intercourse. Because sufficient evidence supported Nelson's § 2422(b) conviction, sufficient evidence also supported his conviction under § 2260A.

For the reasons set forth above, we affirm Nelson's convictions.

**AFFIRMED.**