[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10554
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-20742-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEIL ANTONIO MENDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 10, 2009)

Before TJOFLAT, EDMONDSON and CARNES, Circuit Judges.

PER CURIAM:

Neil Antonio Mendez appeals his conviction for possession of a firearm in

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). He contends that the evidence is insufficient to sustain his conviction.

We review de novo the sufficiency of the evidence but consider it "in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor." United States v. LeCroy, 441 F.3d 914, 924 (11th Cir. 2006). To prove a claim under 18 U.S.C. § 924(c)(1)(A), it is necessary to show that a defendant used or carried a firearm in relation to a drug trafficking crime or possessed a firearm in furtherance of a drug trafficking crime. See 18 U.S.C. § 924(c)(1)(A). The "in furtherance" element may be established by showing "some nexus between the firearm and the drug selling operation." United States v. Timmons, 283 F.3d 1246, 1252–53 (11th Cir. 2002).

Mendez contends that the mere possession of a gun in the presence of illegal drugs is insufficient to sustain his conviction. That contention fails. The police officers that searched Mendez's home found a loaded handgun in the same room as cocaine, scales, baggies, and cash. That evidence supports the necessary nexus "between the firearm and the drug selling operation." See United States v. Mercer, 541 F.3d 1070, 1076–77 (11th Cir. 2008). As we recognized in United States v. Miranda, a reasonable jury could infer that the purpose of keeping a gun next to the drugs "was to provide defense or deterrence in furtherance of the drug trafficking."

2

425 F.3d 953, 962 (11th Cir. 2005) (internal quotation marks omitted); see also

Mercer, 541 F.3d at 1077 (holding that the "in furtherance" element was satisfied

where the firearm was "hidden in a pouch under the mattress" in the defendant's

motel room); United States v. Molina, 443 F.3d 824, 830 (11th Cir. 2006) (holding

that the "in furtherance" element was satisfied where the gun was found in the

drawer of a nightstand in the defendant's bedroom).

Although Mendez offers an alternative explanation, "[i]t is not necessary

that the evidence exclude every reasonable hypothesis of innocence or be wholly

inconsistent with every conclusion except that of guilty, provided a reasonable trier

of fact could find that the evidence establishes guilt beyond a reasonable doubt."

United States v. Young, 906 F.2d 615, 618 (11th Cir. 1990).  Sufficient evidence

supports Mendez's conviction for possession of a firearm in furtherance of a drug

trafficking crime.

**AFFIRMED.**

3