[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14067
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 05, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00085-CR-T-23-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR Q. VU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 5, 2010)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Victor Q. Vu appeals his conviction for being a convicted felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Vu argues that the

district court erred when it denied his motion for judgment of acquittal based on the insufficiency of the evidence. After thorough review, we affirm.

We review "de novo whether there is sufficient evidence in the record to support a jury's verdict . . ., viewing the evidence in the light most favorable to the government, and drawing all reasonable factual inferences in favor of the jury's verdict." United States v. Beckles, 565 F.3d 832, 840 (11th Cir.), cert. denied, 130 S.Ct. 272 (2009). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." United States v. Young, 906 F.2d 615, 618 (11th Cir. 1990). Furthermore, we are "bound by the jury's credibility determinations, and by its rejection of the inferences raised by the defendant." United States v. Peters, 403 F.3d 1263, 1268 (11th Cir. 2005).

To convict a defendant of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the government must prove beyond a reasonable doubt three elements: "(1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." Beckles, 565 F.3d at 841 (internal quotation marks omitted) (holding the evidence sufficient to establish the

defendant's knowing possession of a firearm beyond a reasonable doubt when, among other things, the defendant admitted to a law enforcement officer that he had acquired the shotgun for his protection and that officer's testimony went uncontradicted at trial). In considering the evidence, it is reasonable for the jury to infer that a defendant's false statement to police demonstrates a consciousness of guilt. United States v. Jernigan, 341 F.3d 1273, 1279 (11th Cir. 2003).

In this case, the government presented sufficient evidence to prove beyond a reasonable doubt that Vu was in knowing possession of a firearm -- the only element that Vu has challenged on appeal. As the record shows, the government presented Officer White's testimony at trial that she saw Vu make a quick movement toward his waistline and then throw an object, which she recognized as a firearm, over the fence. Officer Bell subsequently discovered a loaded Bersa .380 handgun on the opposite side of the fence from where Vu stood. When he picked it up, it felt warm, as though it recently had been against a person's body. Officer White testified further that Vu admitted he used the gun for his protection and that he threw it because he did not want to go back to jail. See Beckles, 565 F.3d at 841 (holding police officer's uncontradicted testimony that defendant admitted he acquired shotgun for protection sufficient to establish knowing possession). In addition to Vu's incriminating statement and Officers White's and

3

Bell's observations, the jury was entitled to consider Vu's initial false statement that he had thrown a baseball bat over the fence as evidence of his knowing possession of a firearm. See Jernigan, 341 F.3d at 1279.

On this record, the evidence is sufficient to conclude, beyond a reasonable doubt, that Vu knowingly possessed a firearm. Although Vu asserts that the evidence provides equal support to a theory of innocence as it does a theory of guilt, "[i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence." Young, 906 F.2d at 618. Furthermore, the jury declined to adopt Vu's alternate theories of innocence and we are bound by the jury's rejection of such inferences. See Peters, 403 F.3d at 1268.

**AFFIRMED.**