[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10359
Non-Argument Calendar
_____

D.C. Docket No. 9:19-cr-80013-KAM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODRICK DOMONIQUE JONES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 13, 2021)


Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

In March 2019, a grand jury charged Rodrick Jones with four counts of bank robbery, 18 U.S.C. § 2113(a); five counts of armed bank robbery, 18 U.S.C. § 2113(a) and (d); and five counts of brandishing a firearm in furtherance of a crime of violence, § 924(c)(1)(A).

Before trial, Jones moved to suppress evidence found during the execution of a search warrant on the basis that the affidavit submitted by law enforcement to obtain the search warrant was based on false or misleading information, or omitted material facts. Among that evidence are two cell phones, from which data imaging revealed Google Earth images of Chase Bank locations. The search-warrant affidavit, completed by FBI Agent Daniel Szczepanski, summarized information relating to a series of fourteen Chase Bank robberies between 2015 and 2018. Jones argued that it intentionally or recklessly omitted or misrepresented information connecting him to the robberies through the use of a gold car, the use of a white car, possession of baseball caps worn by the suspect, and physical similarities with the suspect. After conducting a hearing, the district court denied Jones's motion. It found that Jones failed to make the requisite showing of misrepresentations or omissions. The court admitted the evidence at trial.

As the case moved to trial, the government filed a motion in limine to introduce evidence of four uncharged bank robberies under Federal Rule of Evidence 404(b). It argued that in all the robberies—charged and uncharged—the

2

suspect approached the teller, presented demand notes that indicated that he had a gun and demanded money, wore baseball caps and casual clothing, acted like a normal customer, carried an envelope or folder that he put the money in, and investigated the Chase Bank locations on Google Earth. Because of the similarities, the government argued that the evidence was admissible under Rule 404(b) as it was relevant to Jones's intent, preparation, plan, knowledge, and identity. The district court granted the government's Rule 404(b) motion for the limited purpose of identity.

The government also sought to admit digital information from one of the cell phones obtained from Jones's home through the testimony of the government's expert witness, FBI Examiner Brian O'Neil. Over objection, the district court admitted into evidence Google Earth images of Chase Bank locations. Jones objected to the admission the Google Earth information on the ground that the government had not timely disclosed the information. The district court sustained the objection in part.

O'Neil continued with his testimony and the district court admitted the data into evidence. Jones objected to the evidence on further grounds that the extrapolations and interpretations of the data were never provided to him. The district court ordered a four-day recess for the purpose of providing Jones with an opportunity to investigate the matter. During recess, Jones moved to exclude

O'Neil's testimony.  The district court found no bad faith on the part of the government but acknowledged that there may have been neglect in not discovering the data earlier.  The district court denied Jones's motion to exclude, and O'Neil's testimony continued.

O'Neil testified that through the use of a software program, he extracted the information contained on two smartphones recovered from the property search and generated a readable report on the information recovered.  This procedure also extracted images contained in the Google Earth application's cache database, where the application temporarily stored items on the phone.[1]  O'Neil identified six images extracted from the Google Earth cache database and their creation dates, which aligned with robbery dates.  He also identified the phones' web searches that were not based on the Google Earth cache database, which were admitted into evidence, and indicated that Chase banks located in the area of the robberies had been searched for.  The government also called Agent Szczepanski, who testified that the property search turned up two phones from which they could extract information.  One phone had been on Jones's person at the time of the search, and the other had been in his room.

---

[1] "Cache" means a "special memory subsystem in which frequently used data values are duplicated for quick access."  *United States v. Pruitt*, 638 F.3d 763, 765 n.1 (11th Cir. 2011) (per curiam).

After hearing all the evidence, the jury returned guilty verdicts on four counts of bank robbery, 18 U.S.C. § 2113(a) (Counts 1, 8, 11, and 14); and five counts of armed bank robbery, 18 U.S.C. § 2113(a) and (d) (Counts 2, 4, 6, 9, and 12). Jones was found not guilty on five counts of brandishing a firearm in furtherance of a crime of violence, § 924(c)(1)(A) (Counts 3, 5, 7, 10, and 13). Jones moved for a judgment of acquittal on all counts, which the district court denied.

Jones raises four issues on appeal. First, he argues that the district court erred in denying his motion to suppress evidence from the search of his home and cell phones because the search-warrant affidavits were insufficient. Second, he argues that the district court abused its discretion in granting the government's motion to admit evidence of uncharged robberies under Federal Rule of Evidence 404(b). Third, he argues that the district court abused its discretion in allowing the government's expert and case agent to testify about exhibits extracted from the cell phones because they were never properly disclosed. Fourth, he argues that the district court erred in denying his motion for judgment of acquittal as to all counts.

## I.  Motion to Suppress

Jones argues that the district court erred in denying his motion to suppress evidence from the government's searches of his home and of the digital contents of the recovered cell phones because the property search-warrant affidavit was

insufficient.[2]  We review the district court's factual findings on a motion to suppress for clear error and its application of law to those facts de novo.  *United States v. Novaton*, 271 F.3d 968, 986 (11th Cir. 2001).  To be clearly erroneous, a district court's finding must leave us with a definite and firm conviction that a mistake was made.  *United States v. Foster*, 155 F.3d 1329, 1331 (11th Cir. 1998).  The facts are construed in the light most favorable to the party who prevailed below.  *United States v. Hall*, 47 F.3d 1091, 1094 (11th Cir. 1995).

There is a presumption of validity for the affidavit supporting a search warrant.  *Franks v. Delaware*, 438 U.S. 154, 171 (1978).  Accordingly, the individual challenging the search has the burden of proving that misrepresentations or omissions rendered the search-warrant affidavit insufficient.  *See Novaton*, 271 F.3d at 986–87.  To be entitled to relief, the individual must show: "(1) that the alleged misrepresentations or omissions were knowingly or recklessly made by [the affiant], and (2) that the result of excluding the alleged misrepresentations and including the alleged omissions would have been a lack of probable cause for issuance of the warrants."  *Id.*; *see also Franks*, 438 U.S. at 156 ("In the event that at [a suppression] hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the

---

[2] Jones also argues that the phone-search warrant was similarly insufficient as it repeated the information in the property-search warrant.  Our analysis relates to both.

affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.").  Allegations of negligence or innocent mistake are insufficient to satisfy the first prong.  *Franks*, 438 F.3d at 171.

Construing the facts in the light most favorable to the government, we find that the district court did not err in denying Jones's suppression motion because he has not shown that the alleged errors were intentional or done with reckless disregard for the truth.  We recognize that there were minor errors in the affidavit and places where additional information would be helpful.  Nonetheless, the facts supplied in the search affidavit, and verified at the hearing before the district court, establish the necessary connection between Jones and the gold car, white car, baseball caps worn by the suspect, and physical characteristics of the suspect.  The affidavit explained that the gold car, registered to Jones at the time of one of the robberies, was seen on surveillance cameras near the Chase Bank, and that witnesses told law enforcement that they had seen the suspect walk in the direction of the car.  It drew similar connections between Jones and the white car.  The search-warrant affidavit also explained that Facebook posts revealed that Jones owned hats similar to the ones worn by the suspect during the robberies.  Finally,

the affidavit included photographs of Jones consistent with witnesses' physical description of the suspect.

The court properly determined that any misrepresentations or omissions were done by negligence or mistake. And the district court correctly noted that, even if there were omissions or misrepresentations, remedying them would not eliminate probable cause. The totality of the circumstances supported the district court's finding that Jones did not meet his burden as his asserted errors were either due to negligence or a mistake, and did not eliminate the fair probability of criminal activity that was necessary to establish probable cause.

## II.   Admission of Evidence of Uncharged Robberies

Jones argues that the district court erred in granting the government's Rule 404(b) motion to admit evidence of uncharged robberies. "We will not disturb the trial judge's decision to admit or exclude Fed. R. Evid. 404(b) 'other crimes' evidence absent a clear showing of abuse of discretion." *United States v. Delgado*, 56 F.3d 1357, 1363 (11th Cir. 1995). Rule 404(b) provides: "Evidence of any other crime, wrong, or act is not admissible to prove the character of a person in order to show" action in conformity therewith. Fed. R. Evid. 404(b). It may, however, "be admissible for another purposes, such as . . . identity." *Id.* The district court abuses its discretion, under Rule 404(b), when it admits evidence of a previous bad act that does not satisfy the following three criteria: (1) the evidence

8

must be relevant to an issue other than the defendant's character; (2) the evidence must be accompanied by sufficient proof that a jury could find that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.  *United States v. Whatley*, 719 F.3d 1206, 1217 (11th Cir. 2013).

When Rule 404(b) evidence is offered to establish identity, this standard is "particularly stringent."  *United States v. Lail*, 846 F.2d 1299, 1301 (11th Cir. 1988).  "[T]he likeness of the offenses is the crucial consideration.  The physical similarity must be such that it marks the offenses as the handiwork of the accused," demonstrating a modus operandi.  *Whatley*, 719 F.3d at 1217.  The crimes need not be identical in every detail, but they must possess a commonality that makes it very likely that the unknown perpetrator of the charged crime and the known perpetrator of the uncharged crime are the same.  *United States v. Myers*, 550 F.2d 1036, 1045 (5th Cir. 1977).[3]  As to the third prong, the central factor is whether the evidence is essential to obtain a conviction or the government can do without such evidence.  *See United States v. Pollock*, 926 F.2d 1044, 1049 (11th Cir. 1991).  An evaluation of the evidence's probative value must also consider the similarity between the

---

[3] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

extrinsic and charged offenses and the time between the offenses. *United States v. Hernandez*, 896 F.2d 513, 521 (11th Cir. 1990).

Under Rule 403, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. In the context of Rule 404, because Rule 403 permits exclusion of otherwise probative evidence, the district court must use it sparingly and strike the balance in favor of admissibility. *United States v. Fortenberry*, 971 F.2d 717, 721 (11th Cir. 1992).

The district court did not abuse its discretion in granting the government's motion. As an initial matter, we recognize that two of the uncharged robberies were not presented at trial. Thus any error would be harmless. *See id.*

We then look to the other two uncharged robberies. First, Jones does not contest that evidence of the uncharged robberies was not related to his character. Second, we agree with the district court that the government showed a consistent pattern between the charged and uncharged robberies. *See Whatley*, 719 F.3d at 1217. Specifically, each involved: (1) Chase banks, (2) a suspect wearing a baseball cap; (3) a suspect acting like a regular customer, (4) a demand note that referenced a gun, and (5) a suspect using an envelope or folder. Moreover, the banks were implicated in the data extracted from Jones's phone. And the

uncharged robberies occurred in the same 18-month period of the charged

robberies. To the third prong, we find that the government presented sufficient

evidence that the jury could reasonably find by a preponderance of the evidence

that Jones committed the uncharged robberies. *See id.* Due to their similarity,

their probative value was not outweighed by the danger of any concern under

Rule 403. *See Fortenberry*, 971 F.2d at 721.

### III.    Admission of Google Earth Exhibits

Jones argues that the district court erred in allowing O'Neil and Agent

Szczepanski to testify about digital forensic evidence extracted from the Google

Earth applications on Jones's cell phones. Specifically, he argues that the district

court erred in allowing O'Neil to testify about the Google Earth extracted data

information because the government did not timely disclose the information and

did not update O'Neil's expert disclosure to give notice. He also argues that the

district court's subsequent admission of Agent Szczepanski's testimony was in

error because of those underlying discovery violations.

We review the district court's decisions regarding the discovery and the

admissibility and reliability of expert testimony for an abuse of discretion. *See*

*United States v. Holt*, 777 F.3d 1234, 1264 (11th Cir. 2015) (regarding expert

testimony); *United States v. Campa*, 529 F.3d 980, 992 (11th Cir. 2008) (regarding

discovery). An abuse of discretion can occur where the district court applies the

wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment. *United States v. Willner*, 795 F.3d 1297, 1316 (11th Cir. 2015).

Federal Rule of Criminal Procedure 16 requires that the government permit the defendant, upon request, to inspect any papers, documents, or tangible objects that are in the government's possession and (1) are material to preparing the defense, (2) are intended to be used by the government in its case in chief, or (3) were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(c). For expert witnesses, Rule 16 requires that, at the defendant's request, the government must provide "a written summary of any testimony that the government intends to use . . . during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). Additionally, the government has a continuing duty to disclose newly discovered evidence. *See* Fed. R. Crim. P. 16(c).

When a discovery violation occurs under Rule 16, there is no automatic consequence; relief for the violation lies within the discretion of the trial court. *United States v. Mosquera*, 886 F.3d 1032, 1045 (11th Cir. 2018). If a violation occurs, the district court should impose the least severe sanction necessary to ensure prompt and complete compliance with its discovery orders. *United States v. Turner*, 871 F.2d 1574, 1580 (11th Cir. 1989). In determining a sanction, the district court should consider the reasons for the delay in complying with the

discovery order, whether there was any bad faith by the prosecution, prejudice to the defendant, and the availability of a means to cure the prejudice. *Id.* To support reversal, the defendant must show prejudice to his substantial rights. *Mosquera*, 886 F.3d at 1045. We have said that substantial prejudice exists when a defendant is unduly surprised and lacks an adequate opportunity to prepare a defense, or if the mistake substantially influences the jury. *Id.*

The district court did not abuse its discretion in permitting O'Neil and Agent Szczepanski to testify about the extractions and interpretations from the Google Earth databases. The district court recognized that there was a discovery issue: the delay in finding the information caused some prejudice to Jones. And the court acted well within its discretion to determine that a recess was an appropriate remedy; it allowed time for the government to comply and for Jones to review the data. The court had discretion to remedy the violation as it saw fit. *See id.* Moreover, because the court allowed Jones additional time to review the Google Earth Data, Jones was not prejudiced. Jones was therefore not unduly surprised, nor did he lack an adequate opportunity to prepare a defense. *See id.* Therefore allowing O'Neil and Agent Szczepanski to testify, and admitting the data into evidence was not reversible error.

13

IV.   Motion for Judgment of Acquittal

Jones argues that the district court erred in denying his motion for judgment of acquittal.  Specifically, he argues that all the evidence presented by the government was purely circumstantial.  He also argues that, with respect to Count 13, brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A), there was no evidence concerning the use of a firearm by the suspect during the robbery.

We review the sufficiency of the evidence to support a conviction de novo, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict.  *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000) (per curiam).  It is not necessary that the evidence exclude every reasonable hypothesis of innocence, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt.  *United States v. Young*, 906 F.2d 615, 618 (11th Cir. 1990).  In determining the sufficiency of the prosecution's case, we make no distinction between circumstantial and direct evidence.  *United States v. Tate*, 586 F.3d 936, 945 (11th Cir. 2009).

The district court did not err in denying Jones's motion for judgement of acquittal.  We are not persuaded by Jones's argument that a jury could not find him guilty beyond a reasonable doubt based on purely circumstantial evidence, as we

do not distinguish between direct and circumstantial evidence when determining sufficiency of the evidence. *See id.* In any event, the jury heard numerous witnesses testify about the robberies themselves, how Jones had cars that matched those seen at the robberies, that his phones showed that he had searched the areas around the banks, that his fingerprints were on two of the demand notes, and how those banks were federally insured. As such, the jury could reasonably find that Jones committed the robberies beyond a reasonable doubt. *See Young*, 906 F.2d at 618. To the extent that Jones challenges Count 13, the jury already acquitted him, and we need not address that argument. Accordingly, we affirm.

     **AFFIRMED.**